The TRAVELERS INSURANCE
COMPANY, Plaintiff,

v.

BUFFALO REINSURANCE COMPANY, Fremont Syndicate, Inc., Maiden Lane Syndicate, Inc., Pan Atlantic Investors, Ltd., Republic Insurance Company and South Place Syndicate, Inc., Defendants.

No. 86 Civ. 3369 (JMC).

United States District Court,
S.D. New York.

June 22, 1990.

Simpson Thacher & Bartlett, New York City by Conrad K. Harper, Dennis G. Jacobs, Ellen M. Bonaventura, and Robert E. Rice, for plaintiff Travelers.

Wilson Elser Moskowitz Edelman & Dicker, New York City by Philip J. Walsh, and John S. Diaconis, for defendant Buffalo Reinsurance Co.

Miller Singer Raives & Brandes, P.C., New York City by Clifford H. Schoenberg and Linda D. Crawford, for defendants Fremont Syndicate, Inc., Maiden Lane Syndicate, Inc., Pan Atlantic Investors, Ltd.,

Republic Ins. Co., and South Place Syndicate, Inc.

## MEMORANDUM AND ORDER

CANNELLA, District Judge:

Plaintiff's motion for reargument is granted. Local Civil Rule 3(j); Fed.R. Civ.P. 59(e). Upon reconsideration, the judgment is vacated and defendants' motion for summary judgment is denied. Fed. R.Civ.P. 56.

## BACKGROUND

Plaintiff, The Travelers Insurance Company ["Travelers"], commenced the instant action for a declaration of rights under certain facultative reinsurance contracts issued by defendants Buffalo Reinsurance Company, Fremont Syndicate, Inc., Maiden Lane Syndicate, Inc., Pan Atlantic Investors, Ltd., Republic Insurance Company, and South Place Syndicate, Inc. [collectively, the "Reinsurers"]. In a Memorandum and Order dated February 9, 1990, the Court granted defendants' motion for summary judgment and directed the Clerk of the Court to enter judgment for defendants. *See The Travelers Ins. Co. v. Buffalo Reinsurance Co., et al.*, 735 F.Supp. 492 (S.D.N.Y.1990) [the "February 9 Order"]. Familiarity with the February 9 Order is assumed.

Pursuant to Rule 3(j) of the Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ["Local Civil Rule 3(j)"] and Rule 59(e) of the Federal Rules of Civil Procedure, Travelers now moves for an order: (1) vacating the judgment; (2) granting leave for reargument; and (3) denying defendants' motion for summary judgment.

## DISCUSSION

I. *Standards for Reargument*

■ The standards governing motions for reargument are well established and do not require extensive discussion.[1] Local

---

1. A motion to alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure is within the sound discretion of the trial court. *See McCarthy v. Manson,* 714 F.2d 234, 237 (2d Cir.1983). Accordingly, in the exercise of its discretion, the Court will apply the motion for reargument standards of Local Civil Rule 3(j) to the Rule 59(e) motion. *See Morser*

Civil Rule 3(j) provides that on a motion for reargument the moving party shall "set[ ] forth concisely the *matters or controlling decisions* which counsel believes the court has overlooked." Local Civil Rule 3(j) (emphasis added). Thus, in order to prevail on a motion for reargument, the moving party must demonstrate that the court has overlooked controlling decisions that may have influenced the earlier result had they been considered by the court. *See Morser v. AT & T Information Sys.*, 715 F.Supp. 516, 517 (S.D.N.Y.1989); *Adams v. United States*, 686 F.Supp. 417, 418 (S.D.N.Y. 1988); *Bozsi Ltd. Partnership v. Lynott*, 676 F.Supp. 505, 509 (S.D.N.Y.1987). Alternatively, the moving party may establish that the court failed to consider "factual matters that were put before the court on the underlying motion." *Ashley Meadows Farm, Inc. v. American Horse Shows Ass'n, Inc.*, 624 F.Supp. 856, 857 (S.D.N.Y. 1985). However, Local Civil Rule 3(j) precludes a party from advancing new facts, issues, or arguments not previously presented to the court. *See Weissman v. Fruchtman*, 124 F.R.D. 559, 560 (S.D.N.Y. 1989). Therefore, on a motion for reargument, it is improper to present new material because by definition material not previously presented cannot have been "overlooked" by the court. *Consolidated Gold Fields, PLC v. Anglo American Corp. of South Africa Ltd.*, 713 F.Supp. 1457, 1476 (S.D.N.Y.1989).

While the standard on a motion for reargument is "strict in order to dissuade repetitive arguments on issues that have already been considered fully by the court," *Caleb & Co. v. E.I. DuPont de Nemours & Co.*, 624 F.Supp. 747, 748 (S.D.N.Y.1985), the record supports reargument and a determination that summary judgment is not proper. Travelers bases its motion for reargument upon deposition testimony that it believes might reasonably have altered the entry of summary judgment had it been considered by the Court. In particular, Travelers contends that the Court overlooked important deposition testimony that reflects the custom and usage of the reinsurance industry with respect to the normal time ceding insurance companies provide reinsurers with notice of claims. The February 9 Order inadvertently failed to consider the custom and usage argument based on the deposition testimony in question. Therefore, on the basis of factual matters overlooked by the Court, reargument is granted.

## II. *Summary Judgment on Reargument* [2]

■ On reargument, Travelers relies upon the deposition testimony of (1) Melvin Mosgrove, a claims examiner for defendant Buffalo Reinsurance Company, (2) Richard Bessette, an underwriting manager for defendant Fremont Syndicate (3) Katherine Foran of defendants Maiden Lane Syndicate and South Place Syndicate and (4) Albert Stevens of defendants Pan Atlantic Investors and Republic Insurance Company. Travelers contends that the deposition testimony of these reinsurers demonstrates

---

*v. AT & T Information Sys.*, 715 F.Supp. 516, 517 (S.D.N.Y.1989); *Ruiz v. Commissioner of Dep't of Transp.*, 687 F.Supp. 888, 890 n. 3 (S.D.N.Y. 1988).

**2.** Travelers initially contends that the Reinsurers failed to serve their opposing affidavits and answering memoranda in accordance with Local Civil Rule 3(c)(2) as amended. Pursuant to an Order by Chief Judge Brieant dated January 25, 1990, the Board of Judges of the Southern District of New York amended Local Civil Rule 3(c)(2). As amended, Local Civil Rule 3(c)(2) provides that where a notice of motion in a civil action is served at least fifteen days before the return day, opposing affidavits and answering memoranda shall be served at least seven days before the return day.

The Reinsurers' answering memoranda were served three days before the return day on March 13, 1990, in accordance with the preamended version of Local Civil Rule 3(c)(2). The Reinsurers argue that the amended version of the rule had not yet taken effect because the then current edition of the *New York Law Journal* published a "Notice of Proposed Rule Making" issued by the District Court Executive soliciting public comment on the amendment. Despite the use of the term "Notice of *Proposed* Rule Making," the Court finds that Local Civil Rule 3(c)(2) was adopted and became effective on January 25, 1990, pursuant to Chief Judge Brieant's Order. Thus, the Reinsurers' answering memoranda were technically untimely. However, in the absence of resulting prejudice to Travelers and in the interest of justice, the Court shall consider the answering memoranda.

that reinsurers commonly get initial knowledge of a claim many months and even years after the claim occurs. In light of this custom and usage in the reinsurance industry, Travelers argues that whether its June 22, 1984 notice to O'Connor Associates ["O'Connor"], the reinsurance intermediary, was given within a reasonable time under the circumstances is a genuine issue of fact which precludes the entry of summary judgment.

Travelers asserts that the deposition testimony of the defendant reinsurers illustrates that prolonged delays are inherent in the reinsurance industry because of the manner in which notice is transmitted. Travelers points to the deposition testimony of Bessette, Stevens, and Foran to establish that it is normal custom and usage in the reinsurance industry for notice to pass from a ceding company to a reinsurance intermediary and then through an insurance exchange before finally arriving at the reinsurer's office. *See* Deposition of Richard Bessette, at 31, 147, 86 Civ. 3369 (JMC) (S.D.N.Y. Sept. 21, 1988); Deposition of Katherine Foran, at 109–10, 86 Civ. 3369 (JMC) (S.D.N.Y. Sept. 23, 1988); Deposition of Albert Stevens, at 39–41, 86 Civ. 3369 (JMC) (S.D.N.Y. Sept. 19, 1988). In further support of its position that reinsurers commonly get initial knowledge of a claim many months and even years after the claim occurs, Travelers focuses on the following deposition testimony of Mr. Mosgrove:

Q: In your experience, have you noticed what period of time has elapsed from the date of the notice of loss from the ceding company and the date of the intermediary's letter to Buffalo Re?

[Objection by counsel for Buffalo Re]

A: The period of time based on my recollection would be anywhere from seven days and up to a year, maybe a year and a half.

Deposition of Melvin Mosgrove, at 38, 86 Civ. 3369 (JMC) (S.D.N.Y. Oct. 19, 1988). Travelers interprets this testimony as "reveal[ing] that industry custom and practice accepts a time lapse of *eighteen months* from the time a ceding insurance company (such as Travelers) dispatches notice of a claim to a reinsurer (such as Buffalo Re) to the time that the reinsurer actually receives notice of that claim." Travelers' Memorandum in Support, at 8, 86 Civ. 3369 (JMC) (S.D.N.Y. Feb. 26, 1990) (emphasis in original).

██ The central issue is whether the June 22, 1984 notice from Travelers to O'Connor was given within a reasonable time under the circumstances as required by the respective reinsurance contracts. As recognized in the February 9 Order, the reasonableness of a particular insured's delay in providing notice is ordinarily a question of fact reserved for trial. *See* February 9 Order, 735 F.Supp. at 499–500. However, in the absence of a reasonable excuse or mitigating factor for the delay, New York courts permit the timeliness of an insured's notice to be disposed of as a matter of law in advance of trial. *See id.* at 500. An insured's lack of knowledge of the occurrence or a good faith reasonable belief of nonliability constitutes a mitigating factor that effectively preserves the late notice issue for trial. *See id.* at 500. Based upon the absence of a mitigating factor for Travelers' two and one half month delay in providing notice to O'Connor, the Court found the delay to be unreasonable as a matter of law. *See id.* at 501.

██ On reargument, the Court recognizes that "[i]f the terms of a contract are unambiguous, the obligations it imposes are to be determined without reference to extrinsic evidence and trade custom and usage is not admissible to contradict or qualify its provisions." *Hunt Ltd. v. Lifschultz Fast Freight, Inc.,* 889 F.2d 1274, 1277–78 (2d Cir.1989) (citations omitted). However, a contract provision that requires notice to be given within a reasonable time under the circumstances clearly allows for varying interpretations and, therefore, the non-moving party has a right to present extrinsic evidence such as custom and usage regarding the meaning of the contested provision. *See Wards Co. v. Stamford Ridgeway Assocs.,* 761 F.2d 117, 120 (2d Cir.1985); *Schering Corp. v. Home Ins. Co.,* 712 F.2d 4, 9 (2d Cir.1983). Thus, it is the custom and usage of the reinsurance industry which must provide the circumstances by which to evaluate the reason-

ableness of the timing of Travelers' notice. *See* 19 *Couch on Insurance 2d* § 80:48, at 658 (rev. ed. 1983) ("The interpretation of a contract of reinsurance is subject to proof of custom and usage to the same extent as in the case of ordinary contracts of insurance.").

■ Whether the practices asserted by Travelers are customary, and if so, whether Travelers' June 22, 1984 notice to O'Connor is reasonable in light of such practices, present factual questions which preclude the entry of summary judgment. Furthermore, whether notice to O'Connor constitutes notice to the Reinsurers and whether O'Connor functioned as an agent on behalf of the Reinsurers present additional questions of fact reserved for trial.[3] Thus, any dispute involving O'Connor's conduct in forwarding Travelers' notice to the Reinsurers in December 1984 must be resolved after complete factual development of the circumstances surrounding O'Connor's relationship with Travelers and the Reinsurers. Accordingly, the judgment entered pursuant to the February 9 Order is vacated and defendants' motion for summary judgment is denied based on the existence of disputed factual issues which are material to the outcome of the action.[4]

## CONCLUSION

Plaintiff's motion for reargument is granted. Local Civil Rule 3(j); Fed.R. Civ.P. 59(e). Upon reconsideration, the judgment entered by the Clerk of the Court on February 15, 1990 is vacated and defendants' motion for summary judgment is denied. Fed.R.Civ.P. 56. In all other respects, the Court adheres to its determinations in the February 9 Order.[5]

All pretrial papers shall be submitted on or before July 20, 1990. Upon submission of pretrial papers, this action will be placed on the Court's Ready Calendar and may be called to trial on forty-eight (48) hours' notice.

SO ORDERED.

---

**3.** The February 9 Order found these questions of fact concerning O'Connor to be immaterial because the Court found Travelers' June 22, 1984 notice to O'Connor to be unreasonable as a matter of law. *See* February 9 Order, 735 F.Supp. at 501 n. 5. However, on reargument, these disputed factual issues are clearly material to the outcome of the action and, therefore, preclude the entry of summary judgment.

**4.** By letter after the motion for reargument was *sub judice,* Travelers directed the Court's attention to the recent decision in *Travelers Ins. Co. v. Central Nat'l Ins. Co.,* 733 F.Supp. 522 (D.Conn.1990). As in the instant action, that case involved the interpretation of a notice provision in a reinsurance contract. However, the district court applied Connecticut law, which

provides that a reinsurer may deny coverage based on a reinsured's failure to give timely notice of a claim only if the reinsurer has been prejudiced by the untimely notice. *Id.* at 528. In contrast, New York law, which controls the instant action, does not require an insurer to establish prejudice in order to disclaim liability based on an insured's failure to give timely notice of a claim. *See* February 9 Order, 735 F.Supp. at 496–498. Therefore, *Central Nat'l Ins. Co.* is inapposite.

**5.** In particular, the Court adheres to the applicability of New York law, *see* February 9 Order, 735 F.Supp. at 496–498, and the treatment of a notice of loss provision in a reinsurance contract as a condition precedent to a reinsurer's liability under the policy, *see id.* at 498–499.