Thomas **FARKAS**, Michael Mak, Peter Mak, Thomas Medora, John Querim, Rafael Rosado and John Toma, Plaintiffs,

v.

**William ELLIS, Defendant.**

**No. 91 Civ. 182 (WCC).**

United States District Court, S.D. New York.

March 2, 1992.

Thomas Farkas, pro se.

Michael Mak, pro se.

Peter Mak, pro se.

Thomas Medora, pro se.

John Querim, pro se.

Rafael Rosado, pro se.

John Toma, pro se.

Grotta, Glassman & Hoffman, P.A. (Jedd Mendelson, of counsel), Roseland, N.J., for The New York Times.

William S. Ellis, pro se.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

In an Opinion and Order dated January 10, 1992, 780 F.Supp. 1013, this Court denied pro se plaintiffs' motion for leave to amend the Complaint pursuant to Rule 15(a), Fed.R.Civ.P., and dismissed the ac-

tion for lack of subject matter jurisdiction. Familiarity with that opinion is presumed. This matter is presently before the Court on plaintiffs' motion pursuant to Rules 52(b) and 59(e), Fed.R.Civ.P., "for Amendment of Findings of Fact and Judgement." For the reasons outlined below, plaintiffs' motion is denied.

## BACKGROUND

This action is brought by seven plaintiffs who have previously asserted claims under the *Patterson* Consent Decree. In the present action, plaintiffs seek the same relief they sought in Claim 255—to be placed on the Group I list of the New York Times (the "Times"). The Complaint names the Administrator as defendant and brings suit pursuant to the provisions of the Administrative Procedure Act (the "APA"), alleging violations of 5 U.S.C. §§ 702, 706(1), and 706(2)(A), (D), and (F). Plaintiffs subsequently filed an Amended Complaint in which they add the Times as a defendant and assert jurisdiction under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The Court deemed the document a motion for leave to amend pursuant to Rule 15(a), Fed.R.Civ. P., in view of the fact that the Administrator had already filed an answer in the instant action. This Court dismissed the Complaint against the defendant Administrator for lack of subject matter jurisdiction, the defendant not being an "agency" as that term is defined in 5 U.S.C. §§ 551 and 701. The Court also denied plaintiffs' motion for leave to file the proposed Amended Complaint on the grounds of *res judicata* and failure to state a claim under Section 301.

## DISCUSSION

*Propriety of Moving Under Rule 52(b) and Rule 59(e)*

■ Fed.R.Civ.P. 52(b) states in relevant part:

Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly.

Fed.R.Civ.P. 59(e) reads:

A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

Some courts have held that Rules 52(b) and 59(e) apply only to judgments entered after a trial. *See Hill v. Bethlehem Steel Corp.*, 729 F.Supp. 1071, 1072 n. 1 (E.D.Pa.1989), *aff'd*, 902 F.2d 1560 (3d Cir.1990). Others have rejected such motions to the extent that they are brought under Rule 52(b), but not under Rule 59(e). *See All Hawaii Tours, Corp. v. Polynesian Cultural Center*, 116 F.R.D. 645, 648 (D.Haw.1987), *rev'd in part on other grounds, aff'd in part without opinion*, 855 F.2d 860 (9th Cir.1988) ("A motion to amend findings under Rule 52(b) does not lie where findings of fact are unnecessary under Rule 52(a)."); *see also Rapoport v. Banco Mexicano Somex*, 1989 WL 34043 (S.D.N.Y.1989) (Rule 52 deals only with the district court's findings after a bench trial). Courts in this circuit, however, have allowed a motion to amend an opinion and order dismissing the action or granting summary judgment to be brought under Rule 59(e). *See, e.g., Park South Tenants Corp. v. 200 Central Park South Assocs.*, 754 F.Supp. 352 (S.D.N.Y.), *aff'd*, 941 F.2d 112 (2d Cir.1991) (considering plaintiff's motion to reconsider dismissal of action under Fed.R.Civ.P. Rules 59(e), 60(a), 60(b), and Local Rule 3(j)); *Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 739 F.Supp. 209 (S.D.N.Y. 1990) (vacating summary judgment upon motion under Rule 59(e) and Local Rule 3(j)). Accordingly, plaintiffs' motion to alter or amend the judgment, essentially a motion for reargument, will be considered under Rule 59(e).

*Standard for Reargument*

■ The standard for granting a motion for reargument is strict in order to preclude repetitive arguments on issues that have already been considered fully by the court. *Ruiz v. Commissioner of D.O.T. of City of New York*, 687 F.Supp. 888, 890 (S.D.N.Y.), *aff'd*, 858 F.2d 898 (2d Cir.1988). Such motions may be granted

only where the court has overlooked matters or controlling decisions which might have materially influenced the earlier decision. *See Caleb & Co. v. E.I. DuPont De Nemours & Co.*, 624 F.Supp. 747, 748 (S.D.N.Y.1985) (citing *New York Guardian Mortgagee Corp. v. Cleland*, 473 F.Supp. 409, 420 (S.D.N.Y.1979).[1]

*Plaintiffs' Motion to Alter or Amend the Judgment*

▮ In moving the Court to reconsider its prior opinion in this case, plaintiffs argue that the Court has abused its discretion in dismissing the action without allowing plaintiffs an opportunity to engage in discovery aimed at establishing jurisdictional facts. In support of this proposition plaintiffs cite several cases including *Kamen v. AT & T*, 791 F.2d 1006, 1011 (2d Cir.1986), in which the Second Circuit noted that in resolving claims that they lack jurisdiction, courts "have required that the party asserting jurisdiction be permitted discovery of facts demonstrating jurisdiction, at least where the facts are peculiarly with-

in the knowledge of the opposing party." While this may be the general rule, this Court fails to see how even unlimited discovery in the instant action would uncover evidence suggesting that the Court had incorrectly concluded that Mr. Ellis, as Administrator under a Consent Decree, was not subject to the provisions of the APA, or that litigation of the issues raised herein is barred by the doctrine of *res judicata*.[2]

▮ Nor does the Court believe that discovery would aid plaintiffs in establishing facts that would convince the Court that amendment of the Complaint to assert a claim under Section 301 of LMRA would not be futile.[3] Plaintiffs' exhibits establish that they have not attempted to exhaust exclusive grievance and arbitration procedures established by the Collective Bargaining Agreement. Contrary to plaintiffs' assertion, the Court reviewed all of the letters attached as exhibits to their Memorandum in Support of Amendment of the Pleadings, several of which were addressed to Union officials and asked for revision of

---

1. The cited cases applied the standard set forth above to motions for reargument pursuant to local Rule 3(j). Rule 3(j) provides:

    A notice of motion for reargument shall be served within ten (10) days after the docketing of the court's determination of the original motion and shall be served at least the same number of days before the return day as was required for the original motion. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked. No oral argument shall be heard unless the court grants the motion and specifically directs that the matter shall be reargued orally. No affidavits shall be filed by any party unless directed by the court.

    The standards that apply to Rule 3(j) motions to reargue also apply to Rule 59(e) motions to alter or amend the judgment. *See, e.g., Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 739 F.Supp. 209, 210 n. 1 (S.D.N.Y.1990); *Morser v. AT & T Information Sys.*, 715 F.Supp. 516, 517 (S.D.N.Y. 1989); *Lotze v. Hoke*, 654 F.Supp. 605, 607 (E.D.N.Y.1987).

2. Plaintiffs assert that the doctrine of *res judicata* is inapplicable in this case since various alleged improprieties and delays in the processing of their complaint in Claim 255 denied them due process of law, such as to render those proceedings a nullity. While plaintiffs are correct in noting the absence of a discussion of

their due process argument in the decision dated January 10, 1992, such omission was not an oversight. Rather, in the interests of judicial economy, the Court declined to reiterate its and the Second Circuit's prior finding that plaintiffs have not been denied due process of law in their prosecution of Claim 255. *See Patterson v. NMDU*, 765 F.Supp. 158 (S.D.N.Y.1991) ("The Court finds no merit in plaintiffs' suggestion that due to delays in the Administrator's rendering of a determination in this claim, they were denied due process."), *aff'd*, Dkt. No. 91–6189, 953 F.2d 636, slip op. at 2–3(Table) (2d Cir. Dec. 31, 1991) ("The claimants have not been denied due process of law. To the extent that the administrator is required to afford due process to individuals in claimants' position, the hearing before the administrator and the appeal to the district court fully satisfied that requirement."). Thus, the Court adheres to its earlier conclusion that plaintiffs cannot now bypass the affirmance of the Determination of the Administrator in Claim 255 by attempting to bring a new action in this Court under a different legal theory which seeks the same relief as was sought in Claim 255.

3. Even if discovery could aid plaintiffs in establishing facts that would permit them to bring suit under Section 301, it would be to no avail. The Court has already several times mentioned that *res judicata* bars litigation of the issues in this suit.

the Group I list. In its decision of January 10, 1992, 780 F.Supp. 1013, the Court specifically noted that none of those letters requested that the Union argue before the Impartial Chairman that the Times had violated § 4–A.2(g) of the Collective Bargaining Agreement. *See* Opinion dated January 10, 1992 780 F.Supp. at 1017–18 and n. 3. Although the distinction may seem to be overly formalistic, a letter addressed to the Union asking that the Times Group I list be revised is not the same as a letter asking the Union to institute proceedings against the Times for a violation of a specific provision of the Collective Bargaining Agreement.

Even assuming plaintiffs had requested the Union to institute proceedings against the Times based upon a violation of § 4–A.2(g) of the Collective Bargaining Agreement, plaintiffs have not alleged any facts which would indicate that the NMDU would breach its duty of fair representation—an indispensable predicate to a Section 301 action against the Times—if it determined not to process that claim. Plaintiffs' "newly discovered" evidence does not convince the Court otherwise. It was a matter of public knowledge that the Times and NMDU were negotiating with regard to the opening of the Edison plant and that a successful outcome would involve manning reductions. In fact, plaintiffs' Exhibit C evidences that plaintiffs were present at a conference before this Court on January 17, 1991 in which the spokesman for the Times acknowledged that the Times "has gone to the union, in the context of the negotiation for the opening of the Edison plant, and sought further reductions in manning." Moreover, the existence of a Times–NMDU agreement with respect to the Edison plant does not in any way suggest collusion against plaintiffs.

Plaintiffs' other "new evidence" is equally inapposite. Worker Toma's letter to the Union President requesting a revision of the Times Group I list is dated August 1991, and thus obviously could have been included in the exhibits to the previous motion. Moreover, the letter does not request the Union to institute proceedings against the Times for a violation of the Collective Bargaining Agreement. Newspaper articles, appearing in January 1992, reporting an investigation into allegations of the sale of union cards, no-show jobs, and the routine daily theft of thousands of newspapers by union members are irrelevant to the issue of whether the NMDU breached the duty of fair representation owed to plaintiffs. The fact that Sabino Alvino, a Post transferee and brother of the former President of the Union, is in position # 110 on the Times Group I list—one of the positions plaintiffs argued for in Claim 255—is also irrelevant to that issue. And, as we explained in our previous opinion, the fact that the Times has accepted approximately 50 Post transferees, even though it is seeking reductions in manning with respect to the Edison plant, simply indicates a reasonable settlement of Claim 266.

In sum, the Court adheres to its previous opinion in its entirety, concluding that plaintiffs have failed to establish that the Court has overlooked any matters or controlling decisions which might have influenced its decision.

### Amendment of the Complaint

In their Memorandum, plaintiffs have also requested that the Court allow them to make numerous additions and amendments to the Proposed Amended Complaint which the Court earlier denied leave to file. Such a request is not proper on a motion to alter or amend the judgment.

## CONCLUSION

In their motion to alter or amend the Court's Opinion and Order dated January 10, 1992, plaintiffs have failed to set forth any matters or controlling decisions, overlooked by the court, which might have materially influenced the earlier decision. The motion for reargument is accordingly denied.

SO ORDERED.