Arthur S. Olick, Anderson Kill Olick & Oshinsky, New York City, for plaintiff.

Theodore B. Van Itallie, Patterson, Belknap, Webb & Tyler, New York City, for defendants.

**ENZO BIOCHEM, INC., Plaintiff,**

v.

**JOHNSON & JOHNSON, Ortho Diagnostic Systems, Inc., Johnson & Johnson Development Corporation, Defendants,**

**Enzo Diagnostics, Inc., Enzo Therapeutics, Inc., Enzolabs, Inc., Lattingtown Cytology Center, Inc., Additional Defendants on Counterclaim.**

**No. 87 Civ. 6125 (DAB).**

United States District Court, S.D. New York.

Sept. 28, 1994.

MEMORANDUM OPINION AND ORDER

BATTS, District Judge.

## BACKGROUND

Plaintiff moved for partial summary judgment, pursuant to Fed.R.Civ.P. 56. Defendants cross-moved for summary judgment. Judge Kimba M. Wood issued a Memorandum Opinion and Order dated October 14, 1992, denying plaintiff's motion and granting in part and denying in greater part defendants' cross-motion. Defendants timely moved for reconsideration, which was opposed by plaintiff, and, before the motion was decided, the parties began settlement discussions with Magistrate Judge Sharon E. Grubin. Accordingly, the court directed that the motion for reconsideration be deemed withdrawn, without prejudice, in an Order dated November 6, 1992.

In June of 1994, the case was transferred from Judge Wood to this court. In August of 1994, the parties concluded settlement discussions before Magistrate Judge Grubin, and on September 13, 1994, defendants resubmitted their original motion for reconsideration to Judge Wood. The motion for re-

consideration was appropriately transferred from Judge Wood to this court.

## DISCUSSION

■ The standards governing motions for reconsideration in this District have been well established. *See, e.g., Park South Tenants Corp. v. 200 Central Park South Associates, et al.,* 754 F.Supp. 352, 354 (S.D.N.Y.), *aff'd,* 941 F.2d 112 (2d Cir.1991). "The standard for granting a motion for reargument is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court. Such motions may be granted only where the Court has overlooked matters or controlling decisions which might have materially influenced the earlier decision." *Ruiz v. Commissioner of D.O.T. of City of New York,* 687 F.Supp. 888, 890 (S.D.N.Y.), *aff'd* 858 F.2d 898 (2d Cir. 1988). To the extent that defendants contend that Judge Wood "overlooked controlling decisions and factual matters that were before" the court at that time, this court will not second guess Judge Wood's Memorandum Opinion and Order dated October 14, 1992. That Opinion and Order thoroughly covers the matters raised by defendants in this motion, and defendants' contentions for reconsideration fail to meet the standard set forth above. Further, while the motion to reconsider was withdrawn without prejudice, cases decided in the ensuing years since the original opinion are not appropriately raised now. *See The Travelers Ins. Co. v. Buffalo Reinsurance Co.,* 739 F.Supp. 209, 210–11 (S.D.N.Y.1990) ("[O]n a motion for reargument, it is improper to present new material because by definition material not previously presented cannot have been 'overlooked' by the court.") Accordingly, defendants' motion for reconsideration is denied.

SO ORDERED.