## In re JAMESWAY CORPORATION, et al., Debtors.

### Bankruptcy No. 95 B 44821 (JLG).

United States Bankruptcy Court, S.D. New York.

Dec. 31, 1996.

Kaye, Scholer, Fierman, Hays & Handler, L.L.P., New York City, for Debtors.

Gordon, Feinblatt, Rothman, Hoffberger & Hollander, L.L.C., Baltimore, Maryland, and Zalkin, Rodin & Goodman L.L.P., New York City, for the Landlords.

Traub, Bonacquist & Fox, New York City, for Unsecured Creditors' Committee.

Dollinger & Dollinger, P.A., Hauppauge, New York, for Station Road Properties, L.L.C.

### *MEMORANDUM DECISION ON LAND-LORDS' MOTION FOR REARGU-MENT OF DEBTORS' CROSS-MO-TION FOR SUMMARY JUDGMENT DISALLOWING ALLEGED ADMINIS-TRATIVE CLAIMS ARISING FROM REJECTION OF LEASES OF NON-RESIDENTIAL REAL PROPERTY*

JAMES L. GARRITY, Jr., Bankruptcy Judge.

In *In re Jamesway Corp.*, 202 B.R. 697 (Bankr.S.D.N.Y.1996) (the "Decision"), we granted the debtors' (collectively "Jamesway") cross-motion (the "Cross–Motion") for summary judgment disallowing administrative claims filed on behalf of certain landlords for future rent due under their respective leases of non-residential real property. In a December 11, 1996 decision, we granted Jamesway's cross-motion for summary judgment disallowing an administrative claim for future rent asserted by another landlord, Station Road Properties, LLC ("Station Road"). In doing so, in part, we incorporated the Decision by reference. *See In re Jamesway Corp.*, No. 95 B 44821 (JLG) (Bankr.S.D.N.Y. Dec. 11, 1996) (unpublished memorandum decision). The landlords, including Station Road (collectively, the "Landlords"), seek to reargue the Cross–Motion. We deny the motion.

### *Facts*

The relevant facts are set forth in the Decision and will not be repeated herein except as necessary. Except as otherwise noted, all capitalized terms herein have the meanings ascribed to them in the Decision. The Landlords leased non-residential real property to Jamesway. Pursuant to the Jamesway I Plan, the debtor assumed the Leases. After the Jamesway I Plan was substantially consummated pursuant to § 1101(2) of the Bankruptcy Code, Jamesway and its affiliates commenced Jamesway II by filing separate chapter 11 petitions for reorganization in this district. In Jamesway II, the debtor rejected the Leases without first

assuming them. The Landlords filed separate administrative expense priority claims under §§ 365(g) and 503(b) of the Bankruptcy Code for, among other things, damages arising from the rejection of the Leases. Jamesway objected to those claims. The parties stipulated to certain facts and cross-moved for summary judgment. The Landlords sought partial summary judgment pursuant to Bankruptcy Rule 7056 declaring that they hold allowed administrative priority claims equal to the rent reserved under each Lease for the balance of each Lease. Jamesway sought summary judgment that those claims are general unsecured claims capped by § 502(b)(6) of the Bankruptcy Code.

Relying on the Second Circuit's decision in *Nostas Associates v. Costich (In re Klein Sleep Products, Inc.)*, 78 F.3d 18 (2d Cir. 1996) ("*Klein Sleep*"), the Landlords argued that their claims are entitled to administrative priority status under §§ 365(g) and 507(a)(1) of the Bankruptcy Code. They contended that for purposes of § 365(g)(2), which states in relevant part that "the rejection of an ... unexpired lease of the debtor constitutes a breach of such ... lease ...[,] if such ... lease has been assumed ...[,] at the time of such rejection", the term "debtor" refers to any debtor under the Bankruptcy Code, regardless of whether the "debtor" rejecting the lease is the "debtor" that assumed it. *See* 202 B.R. at 700–01. They also argued that because § 502(g) is silent regarding the treatment of claims arising from the rejection of assumed leases, it is reasonable to treat them as § 503(b)(1) administrative expenses, even in subsequent proceedings. *Id.* at 700–01. We rejected Landlord's arguments, distinguishing *Klein Sleep* because it involves the assumption and rejection of a lease in the same chapter 11 case, whereas Jamesway I and Jamesway II are different chapter 11 cases involving different debtors. *Id.* at 700. We found that the term "debtor" in § 365(g)(2) refers to the debtor that previously assumed and then rejected a lease, and not to a debtor in a different case because "[t]he estate created in one bankruptcy case is distinct from that created upon the commencement of a subsequent case." *Id.* at 701. Additionally, we found that because the Jamesway II estate

derived no benefit from the Leases, the Landlords' were not entitled to an administrative priority expense claim in Jamesway II. *Id.* at 701–02 (citing *Fruehauf Corp. v. Jartran, Inc. (In re Jartran, Inc.),* 886 F.2d 859, 870 (7th Cir.1989)). Finally, we rejected the Landlords' argument that their construction of § 365(g) is consistent with practice under the Bankruptcy Act, which granted administrative priority to claims arising from executory contracts that were assumed during a reorganization and later rejected, because practice under the Bankruptcy Act did not contemplate serial chapter 11 cases. *Id.* at 703–04. In discussing *Jartran,* we stated, among other things, that "[f]or purposes of these motions, Landlords stipulated that Jamesway II was not filed in bad faith, that we need not consider whether serial bankruptcy filings are *per se* improper and that the Jamesway I Plan was substantially consummated when Jamesway II was filed." *Id.* at 704. Later in the opinion we stated:

> Underlying Landlords' arguments is their contention that permitting Jamesway to engage in serial filings circumvents remedies provided in the Bankruptcy Code for failed reorganizations and its proscription under § 1127 of modifications to the terms of a plan that has been substantially consummated. In limited instances, courts dismiss serial bankruptcy filings on bad faith or similar grounds. . . . Absent conduct amounting to bad faith, serial chapter 11 filings are generally allowed. . . .
>
> Jamesway denies that these are bad faith serial filings. Moreover, as noted, for purposes of these motions, Landlords stipulated that Jamesway II was not filed in bad faith and they do not contend that serial chapter 11 cases are *per se* improper. . . .

*Id.* at 705 (citations omitted).

The Landlords deny that they stipulated that Jamesway II was not filed in bad faith. They seek leave to reargue the Cross–Motion asserting that whether or not Jamesway II was filed in bad faith is a disputed material issue of fact precluding summary judgment in Jamesway's favor. Jamesway and the Committee oppose this motion, arguing that (i) the record upon which the Decision is based fully supports a finding that Jamesway II was filed in good faith, and (ii) the Landlords are guilty of laches in failing to raise the issue of good faith for more than seven months after the case was filed.

### *Discussion*

The Landlords purport to seek reargument under Local Bankruptcy Rule 9023–1 and Fed.R.Civ.P. 60(b). In relevant part, our local rule states that

> [a] motion for reargument shall be served within 10 days after the entry of the Court's determination of the original motion and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion. The motion shall set forth concisely the matters or controlling decisions which counsel believes the Court has not considered. No oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be reargued orally.

Local Rule 9023–1(a). By contrast, a motion under Rule 60(b) need only be made "within a reasonable time" with certain exceptions that are not relevant here. *See* Fed.R.Civ.P. 60(b). That rule is made applicable to bankruptcy cases by Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Local Bankruptcy Rule 9023–1 "does not apply to motions made under Bankruptcy Rule . . . 9024." *See* Comment to Local Bankruptcy Rule 9023–1.

■ Fed.R.Civ.P. 59, which is made applicable herein by Bankruptcy Rule 9023, provides in relevant part that a new trial may be granted "on all or part of the issues" in an action tried without a jury "for any of the reasons for which rehearings have been granted in suits in equity in courts of the United States." It further provides that "the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment." Fed.R.Civ.P. 59(a). Thus, a motion for "reargument" is properly in the nature of a motion for a new trial or for the amendment of a judgment pursuant to Fed.R.Civ.P. 59. *See*

9 COLLIER ON BANKRUPTCY ¶ 9023.05 at pp. 9023–6–7 (15th rev. ed. 1996) ("Any motion that draws into question the correctness of the judgment is functionally a motion under Rule 9023, whatever its label. Thus a motion to 'reconsider,' 'for clarification,' to 'vacate,' to 'set aside,' or to 'reargue' is a motion under Rule 9023") (citations omitted). We will apply Rule 59 in this case.

■ Rule 59 provides that a motion for a new trial or to amend a judgment must be made no later than 10 days after entry of the judgment. Fed.R.Civ.P. 59(b) and (e). We rendered and docketed the Decision on November 21, 1996. The Landlords filed and served this motion on December 2, 1996—11 days later. We entered our judgment and order in furtherance of the Decision on December 10, 1996. Thus, the Landlords timely filed this motion pursuant to Fed.R.Civ.P. 59 and Local Bankruptcy Rule 9023–1. See 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER AND MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2812 (2d ed. 1995) ("The time for seeking a new trial runs from the entry of the judgment, not from the reception of the verdict nor from the date the moving party receives notice of the entry of judgment") (and cases cited therein).

Local Bankruptcy Rule 9023–1(a) is derived from Civil Rule 3 of the United States District Court for the Southern District of New York. See Comment to Local Bankruptcy Rule 9023–1. Under those rules, the standard applicable to motions for reargument is identical to that applicable to Fed. R.Civ.P. 59(e) motions to alter or amend a judgment. See In re Houbigant, Inc., 190 B.R. 185, 187 (Bankr.S.D.N.Y.1995); see, e.g., Farkas v. Ellis, 783 F.Supp. 830, 833 n. 1 (S.D.N.Y.), aff'd, 979 F.2d 845 (2d Cir.1992); Travelers Insur. Co. v. Buffalo Reinsurance Co., 739 F.Supp. 209, 210 n. 1 (S.D.N.Y.1990).

■ The standard under Rule 59 is a strict one. Farkas v. Ellis, 783 F.Supp. at 832 (citing Ruiz v. Commissioner of D.O.T. of City of New York, 687 F.Supp. 888, 890 (S.D.N.Y.), aff'd, 858 F.2d 898 (2d Cir.1988)). "The only proper ground on which a party may move to reargue an unambiguous order is that the court overlooked 'matters or controlling decisions' which, had they been considered, might reasonably have altered the result reached by the court." Adams v. United States, 686 F.Supp. 417, 418 (S.D.N.Y.1988) (quoting Civil Rule 3(j)); see also Park South Tenants Corp. v. 200 Central Park South Associates, L.P., 754 F.Supp. 352, 354 (S.D.N.Y.), aff'd, 941 F.2d 112 (2d Cir.1991); Novak v. National Broadcasting Co., Inc., 760 F.Supp. 47, 48 (S.D.N.Y.1991); Caleb & Co. v. E.I. DuPont de Nemours & Co., 624 F.Supp. 747, 748 (S.D.N.Y.1985). This rule is calculated to "insure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Carolco Pictures Inc. v. Sirota, 700 F.Supp. 169, 170 (S.D.N.Y.1988); see also Farkas v. Ellis, 783 F.Supp. at 832.

■ Our review of the pleadings submitted by the parties as well as the transcript of the hearing indicates that the Landlords did not stipulate that Jamesway II was not filed in bad faith. Thus we modify our findings in the Decision accordingly. See Bankruptcy Rules 7052(b), 9014 and 9023(a).

However, it does not follow that the Landlords are entitled to other relief under Rule 59 and Local Rule 9023–1 because they have not demonstrated why Jamesway is not entitled to summary judgment on the Cross–Motion even assuming, arguendo, Jamesway II was filed in bad faith—a point that Jamesway and the Committee deny. The Landlords have cited no authority for the proposition that an appropriate means of redressing the alleged bad faith serial filing of Jamesway II is to grant them administrative priority claims in this case. The statute rejects such a result and Klein Sleep is inapposite because it does not involve serial bankruptcy filings. As far as we have been able to determine, no such authority exists. In In re Jartran, Inc., 886 F.2d at 871, the court did state that "[o]nce this second action is deemed a separate and independent Chapter 11 case, Fruehauf may not claim an automatic administrative priority in the second case simply by pointing to the provisions of the original reorganization Plan." However, it did not hold that the lessor would be entitled

to an administrative priority claim in the second bankruptcy case if it was filed in bad faith. Interested parties may have remedies if Jamesway II proves to be a bad faith serial filing, although we note that Jamesway and the Committee vigorously deny bad faith and urge that the Landlords have waived any right to assert it. Nonetheless, the Landlords are not entitled to an administrative priority claim in this case. *See* 202 B.R. at 705–06 ("[o]ur court of appeals has emphasized that 'priorities in bankruptcy should be narrowly construed and sparingly granted' ") (citing *Klein Sleep,* 78 F.3d at 23; *Trustees of Amalgamated Ins. Fund v. McFarlin's, Inc.,* 789 F.2d 98, 100 (2d Cir.1986)). ·

Among other things, Jamesway asserted in its Cross–Motion that the record before us was sufficient to warrant summary judgment in its favor on the issue of good faith, and that the Landlords' efforts to challenge Jamesway II as a bad faith filing should be barred by the doctrine of laches. Jamesway renews those arguments in opposition to this motion. However, because we find no merit to the Landlords' motion, we need not reach those issues.

### Conclusion

We deny the Landlords' motion for leave to reargue Jamesway's Cross–Motion for summary judgment.

SETTLE ORDER.