**In re L.F. ROTHSCHILD HOLDINGS, INC., and L.F. Rothschild & Co. Incorporated, Debtors.**

No. 92 Civ. 1570 (LLS).

United States District Court,
S.D. New York.

July 14, 1992.

Diane Dresdale, Stroock & Stroock & Lavan, N.Y., N.Y., for appellants.

Richard P. Caro, Eugene, Or., for appellee Hedvat.

OPINION AND ORDER

STANTON, District Judge.

The Official Committee of Unsecured Creditors ("creditors committee") in this bankruptcy action appeals from an order by the Bankruptcy Court (Lifland, B.J.) granting the motion of Joshua Hedvat, Yehiel Hedvat and Status Clothing, Inc. (appellees) for leave to file a late proof of claim and to lift the automatic stay with respect to an adversary action initiated by appellees.

This court has appellate jurisdiction pursuant to 28 U.S.C. §§ 158(a), 157(b)(2). The findings of fact of the Bankruptcy Court may be reversed only if clearly erroneous, but matters of law are reviewed *de novo*. *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1388 (2d Cir.1990).

BACKGROUND

In 1984 appellees filed a district court action against L.F. Rothschild, Unterberg, Towbin, a partnership which later dissolved with some of its liabilities being assumed by L.F. Rothschild & Co., Inc. ("LFR"), one of the debtors in the bankruptcy action. The two debtor corporations separately filed petitions in bankruptcy in June, 1989 and January, 1991. By order of the Bankruptcy Court on January 7, 1991, the two were consolidated for procedural purposes. By order entered March 1, 1991, the Bankruptcy Court fixed May 1, 1991 as the bar date, pursuant to Bankr.Rule 3003(c)(3), for the filing of all claims against the LFR

estate.[1] On January 13, 1992, appellees moved in the Bankruptcy Court for leave to file a late proof of claim against LFR. Appellees' counsel, Mr. Richard Caro, stated at oral argument before the Bankruptcy Court that he called LFR twice in the Spring of 1991 to be placed on the mailing list for notice of the filing of proofs of claims, but that his calls were not returned. During the same argument, the debtor stated that notice of the bar date had been inadvertently sent to appellees' predecessor counsel rather than to Mr. Caro.

Bankruptcy Judge Burton R. Lifland found that appellees had failed to meet the standard for excusable neglect and thus could not file a late proof of claim on that theory. Nevertheless, because the debtor had listed appellees' district court action on its schedule of pending litigations filed in the bankruptcy court, Judge Lifland granted appellees' motion on the theory that the listing could be considered an informal proof of claim, and that the present proof of claim could be treated as an amendment to the original notice. In so ruling, he stated:

> The law is not really clear in this circuit as to whether or not a claim can be deemed to have been filed based upon a filed document in the Bankruptcy Court of the Clerk's Office. There are cases that say that's so, but cite authority outside this circuit.
>
> Nevertheless, it does appear that one could make an argument that listing the litigation on schedules filed in the Court is[, or] in some measure or some form can constitute a sufficient informal document lodged with the Clerk of the Court to give the Court some basis to deal with this particular problem.

Tr. p. 11. Having allowed filing of the late proof of claim, the Bankruptcy Court also lifted the stay against appellees' district court action.

Because, as a matter of law, in this case the debtor's listing of a pre-existing action on its schedule of pending litigation has not been shown to be the equivalent of an informal proof of claim, nor do the circumstances supply a substitute for the filing of a proof of claim, the Bankruptcy Court's order is reversed.

## DISCUSSION

A fixed claims bar date is not simply a technical or formal requirement.

> A bar order serves the important purpose of enabling the parties to a bankruptcy case to identify with reasonable promptness the identity of those making claims against the bankruptcy estate and the general amount of the claims, a necessary step in achieving the goal of successful reorganization.... [E]stablishing the identities and interests of the participants so that the claims-allowance process may begin is an essential function served by a bar order. Thus, a bar order does not "function merely as a procedural gauntlet," but as an integral part of the reorganization process.

*In re Hooker Investments, Inc.*, 937 F.2d 833, 840 (2d Cir.1991) (citations omitted).

It is well settled that "a document evidencing the existence, nature and amount of a claim against the estate in bankruptcy which has timely become a part of the judicial record, may be amended by a properly filed formal proof of claim." *In re Carmelo Bambace, Inc.*, 134 B.R. 125, 128 (Bankr.S.D.N.Y.1991) (citing *In re South Atlantic Financial Corp.*, 767 F.2d 814, 819 (11th Cir.1985). Where an informal proof of claim has been accepted, it has been required to contain a specific demand setting forth the amount and nature of the debt and the intent to hold the debtor liable. *In re Nutri*Bevco, Inc.*, 117 B.R. 771, 789 (Bankr.S.D.N.Y.1990) (citations omitted). The mere listing of adversary actions [2] on the debtor's schedule of pending litigations is not designed to satisfy either that requirement or the important func-

---

**1.** The bar date for the L.F. Rothschild Holdings, Inc. estate was February 2, 1990, and is not relevant to this appeal.

**2.** As contrasted with those claims that are scheduled but not "disputed, contingent or unliquidated," 11 U.S.C. § 1111(a), as pending litigation is.

tions served by the bar order, and appellees here make no showing that it did.

 Under different circumstances, this Circuit has allowed late, or amended, proofs of claims without the detail ordinarily required in an informal proof of claim. *See, In re PCH Associates*, 949 F.2d 585 (2d Cir.1991). Title 11 U.S.C. § 501 allows proofs of claims to be filed by the debtor as well as the creditor. This allows a debtor to "drag" the creditor into the bankruptcy proceeding. When a debtor brings an adversary action against a secured creditor instead of filing a proof of claim, the court may treat the initiation of the case as a substitute for filing a proof of claim. *Matter of Lindsey*, 823 F.2d 189, 191 (7th Cir. 1987); *Collier on Bankruptcy* ¶ 506.07 at 506–73 to 506–74.

The Second Circuit recently addressed the issue in *In re PCH Associates*, 949 F.2d 585, 605 (2d Cir.1991). While holding that the *debtor's* initiation of an adversary action against a creditor substituted for a formal proof of claim in that action, the Court narrowly circumscribed the scope of its holding. It found that the purpose of a proof of claim—that all parties in the proceeding are made aware of all the claims against the debtor—was not undermined because there the parties were all aware of the potential claim. In that case the courts below and the parties had taken account of the claim, and had calculated its effect on the priority positions of the other creditors depending on its outcome, to such an extent that the debtor's opposition to the late notice of claim undermined its own reorganization plan. The Court's holding was thus based on the extraordinary nature and the specific facts of the case. 949 F.2d at 605.

 Those facts are not present here. Here the parties have conducted substantial negotiations for reorganization of both LFR and LFR Holdings on the assumption that all claims against the estates had been filed. Because LFR is the principal asset of LFR Holdings, appellees' late claim of $16 million against LFR would capsize the tentative plans already reached, after extended effort, for reorganizing both estates.

Accordingly, the order of the Bankruptcy Court permitting appellees' late filing of a notice of claim, and the consequent lift-stay order, are reversed.

So ordered.