**In re THOMSON McKINNON SECURITIES INC., Thomson McKinnon Inc. and Realty International Corporation, Debtors.**

**Bankruptcy Nos. 10914, 11805 and 13280.**

United States Bankruptcy Court, S.D. New York.

April 23, 1993.

---

John I. Hook, III, pro se.

Debevoise & Plimpton, New York City, for Thomson McKinnon Securities Inc.; Alicia R. Zalesin, of counsel.

### DECISION ON MOTION OF JOHN HOOK III TO AMEND INFORMAL PROOF OF CLAIM

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

John I. Hook III ("Hook") has moved for an order allowing him to amend his "informal proof of claim" which he filed with this court on September 21, 1990, with respect to the above-captioned confirmed Chapter 11 debtors. The debtors opposed Hook's motion on the ground that the papers he filed with this court did not constitute an informal proof of claim and that there is nothing for Hook to amend.

Hook is a former employee of the debtor, Thomson McKinnon Securities, Inc. ("TMSI"), and others in an action brought by a group of investors, entitled *Beres et al. v. Thomson McKinnon Securities Inc., et al.* The action was commenced in the United States District Court, Southern District of New York in 1985. Hook filed cross-claims against TMSI and other defendants in the *Beres* case. In a December 20, 1990 opinion, the District Court dismissed all of Hook's claims except as to the non-debtor Thomson defendants, which were referred to arbitration.

When the debtors' mailed the bar date notices to potential creditors, Hook received two proof of claim forms, one each for TMSI and Thomson McKinnon, Inc. ("TMI"). Hook did not execute or file any of these formal proofs of claim. The *Beres* claimants have reached final settlement with all the defendants.

The bar dates have expired in the debtors' Chapter 11 cases and orders of confirmation have been entered in both cases. Hook now seeks to amend what he regards as his informal proof of claim, which was filed on September 21, 1990, in order to file a formal proof of claim against the confirmed debtors for $8 million.

The papers which Hook filed with the court on September 21, 1990 are entitled "Notice Of Objection To Bankruptcy Court Jurisdiction" ("Notice"). In these papers, Hook recites that he has asserted cross-claims against the debtors and others in the *Beres* action in the district court which "are based on rights at law and have existence entirely independent of the Bankruptcy Code...." He further states that he has demanded a jury trial in the District Court. Hook also asserts that the debtors listed him in their Chapter 11 case as a creditor holding contingent, unliquidated, unsecured claims and that he received a proof of claim form for each debtor. Hook then states in his papers as follows:

### NOTICE OF OBJECTION TO BANK-RUPTCY JURISDICTION

Plaintiff makes this special appearance only for the purpose of giving notice of his objection to bankruptcy court jurisdiction. The proper jurisdiction for Plaintiff's claims is where they have been and are, before Judge Kram in United States District Court.

### ARGUMENT

Plaintiff's claims are non-core causes of action and remedies at law enforcing private rights grounded in securities fraud racketeering, and Plaintiff has demanded jury trial. Plaintiff's claims are non-core because they have existence entirely independently of the Bankruptcy Code. Plaintiff's claims are mostly against non-debtors and almost all recovery is expected to come from non-debtors. Plaintiff's claims have a life of their own in federal statutory and New York common law totally independent of bankruptcy law. Plaintiff does not consent to bankruptcy jurisdiction. *See* 28 U.S.C. § 157(c)(2).

Dated: New York, New York
    September 21, 1990
    Respectfully submitted,
    JOHN I. HOOK III

*Hook Brief,* at 3. Hook attached to his papers a copy of his cross-claim which was filed in the District Court.

### DISCUSSION

■ To constitute an informal proof of claim, the document filed with the court must apprise the court of the existence, nature, and amount of the claim. *Biscayne 21 Condominium Association, Inc. v. South Atlantic Financial Corp. (In re South Atlantic Financial Corp.),* 767 F.2d 814, 819 (11th Cir.1985), *cert. denied,* 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986); *In re Carmelo Bambace, Inc.,* 134 B.R. 125, 128 (Bankr.S.D.N.Y.1991). In the instant case, Hook's Notice did not apprise the court of the amount of the damages sought by him against the debtors. Indeed, Hook's Notice states that "Plaintiff's claims are mostly against non-debtors and almost all recovery is expected to come from non-debtors." Thus, Hook demonstrated an intent to pursue his remedies against others than the debtors. *See In re Evanston Motor Co., Inc.,* 26 B.R. 998, 1002 (N.D.Ill.1983), *aff'd,* 735 F.2d 1029 (7th Cir.1984) (creditor revealed intent to pursue its remedies against guarantors, rather than the estate).

■ More importantly, Hook concedes that the Notice which he filed was for the purpose of apprising the bankruptcy court that he did not consent to bankruptcy jurisdiction and therefore did not seek a distribution as a creditor because he wished to preserve his right to demand a jury trial. The filing of a proof of claim in a bankruptcy case for distribution purposes is a public right which results in the creditor's loss of the right to demand a jury trial. *Longenkamp v. Culp,* 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990). *See Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). When Hook filed his Notice he knowingly intended that it should not be treated as a proof of claim or a consent to bankruptcy court jurisdiction purposes. There was nothing informal at all regarding Hook's Notice. Accordingly, there is no proof of claim on file from Hook, informal or otherwise, which could form the basis for a post-bar date and post-confirmation amendment.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B).

2. Hook's Notice filed September 21, 1990 does not constitute an informal proof of claim and, therefore, cannot now be amended for purposes of an allowable proof of claim for distribution purposes.

3. Hook's motion for an order authorizing him to amend a so-called informal proof of claim is denied.

SETTLE ORDER on notice in accordance with the foregoing.