In re HOUBIGANT, INC., et al., Debtors.

HOUBIGANT, INC. and Parfums Parquet, Inc., Plaintiffs,

v.

ACB MERCANTILE, INC., ACB Fragrances and Cosmetics, Inc., Giacomo Giuliano, Augustine Celaya and Gilles Pellerin, V & B Distributors, Canada, Inc. Harold Schiff, A. Rosenblum Sales, Inc. and Rosenblum, Defendants.

ACB MERCANTILE, INC. and ACB Fragrances and Cosmetics, Inc., Counterclaim–Plaintiffs,

v.

HOUBIGANT, INC., Parfums Parquet, Houbigant, (1995) Ltd. (f.k.a. 3088766 Canada, Ltd.), Michael Sherman, Luigi Massironi, Robert Graber, Thomas Bonoma, Renaissance Cosmetics, Inc., Kid Kamm & Company, CTC International Group, Ltd., Brad Robinson and Chemical Bank New Jersey N.A. (as agent for itself and National Westminster Bank U.S.A.), Counterclaim–Defendants.

Bankruptcy No. 93 B 45767 (JLG).
Adv. No. 95–8857A.

United States Bankruptcy Court, S.D. New York.

Dec. 19, 1995.

As Amended Jan. 5, 1996.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for Houbigant, Inc.

Marcus Montgomery Wolfson P.C., New York City, for ACB Mercantile, Inc. and ACB Fragrances and Cosmetics, Inc.

*MEMORANDUM DECISION ON MOTIONS TO REARGUE*

JAMES L. GARRITY, Jr., Bankruptcy Judge.

Previously we granted in part and denied in part that portion of Houbigant, Inc.'s ("Houbigant") motion pursuant to Fed. R.Civ.P. 12(b)(6) and 17 to dismiss certain counterclaims remanded to us by the district court. *See Houbigant, Inc. v. ACB Mercantile, Inc. (In re Houbigant, Inc.),* 188 B.R. 347 (Bankr.S.D.N.Y.1995). ACB Mercantile, Inc. and ACB Fragrances and Cosmetics,

Inc. (collectively "ACB") and Houbigant separately have moved pursuant to Fed.R.Civ.P. 59(e), Bankruptcy Rule 9023 and Local Bankruptcy Rule 13(j) for reargument and an order altering or amending portions of the Decision. For the reasons stated herein, both motions are denied.

### Facts

The facts are set forth in the Decision. Except as necessary, they will not be repeated herein. Houbigant and certain of its affiliates are chapter 11 debtors in possession. Pre-petition they marketed and distributed perfumes and toiletries worldwide. By order dated on or about June 2, 1994, Houbigant implemented and effectuated a license agreement with Parfums Parquet, Inc. ("PPI") pursuant to which Houbigant licenses to PPI certain patents, trademarks, trade names, and applications, as well as technical knowledge with respect to them. Under that agreement, PPI is Houbigant's exclusive licensee in the United States.

Pre-petition Houbigant granted ACB an exclusive license (the "ACB License Agreement") to manufacture, sell and distribute Houbigant's Parfums Parquet division fragrance products throughout the Territory of Canada and to use Houbigant's trademarks in connection therewith. By agreement dated on or about December 12, 1994 (the "Asset Purchase Agreement"), ACB conveyed substantially all its business, including the ACB License Agreement, to Houbigant (1995), Ltd. ("PPI Canada").

We fixed April 15, 1994, and January 15, 1995, respectively, as the last date for filing proof of unsecured claims against debtors, and proof of administrative expense claims accruing in these cases through June 30, 1994. ACB filed five claims identified in the Decision as the Hec Claim, Unsecured Unilex Claim, Unilex Administrative Claim, Indemnification Claim and the Defamation Claim. Only the Hec Claim was timely filed.

On or about April 4, 1995, Houbigant and PPI commenced this adversary proceeding in this court. By agreement the reference of this action was withdrawn to the district court. Houbigant and PPI's First Amended Complaint (the "Complaint") alleges seventeen (17) causes of action and names ACB, certain of its officers (collectively the "ACB Defendants"), and other individuals as defendants. On or about July 14, 1995, the district court (Martin, J.) approved a stipulation and order of settlement ("Settlement Agreement") between plaintiffs and the non-ACB Defendants. ACB answered the Complaint and asserted seventeen (17) counterclaims against Houbigant, PPI and certain third-party defendants.

In the district court, Houbigant contended that ACB's counterclaims should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) and 17(a) because (1) all the causes of action asserted in the counterclaims were assigned to PPI–Canada pursuant to the Asset Purchase Agreement, thereby divesting ACB of standing to assert them; (2) Counts I–IV, VI–IX, XIII–XIV, XVII and portions of Counts V, X and XV of the counterclaims are time-barred by ACB's failure to file claims or to timely file claims on account of those counterclaims; (3) the late filed Unilex Unsecured Claim is an invalid amendment of the timely filed Hec Claim and, as an independent claim, is time-barred; (4) the Unilex Administrative Claim, Indemnification Claim, and Trademark Claim, encompassing Counts II and XIII–XV of the counterclaims, do not qualify for administrative expense status and therefore are time-barred general unsecured claims; and (5) each counterclaim is meritless. On or about July 14, 1995, plaintiffs moved the district court for an order remanding this adversary proceeding to this court. The district court denied the motion, except that it remanded the issues of administrative time bars. *See Houbigant, Inc. v. ACB Mercantile, Inc. (In re Houbigant, Inc.)*, 185 B.R. 680 (S.D.N.Y.1995) (Sweet, J.).

### Discussion

■ Local Bankruptcy Rule 13(j) provides: A notice of motion for reargument shall be served within 10 days after the filing of the court's determination of the original motion and shall be made returnable within the same period of time as required for the original motion. There shall be served with the notice of motion a memorandum

setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked. No oral argument shall be heard unless the court grants the motion and specifically directs that the matter shall be reargued orally. No affidavits shall be filed by any party unless directed by the court.

Rule 13(j) is adapted from Civil Rule 3(j) of the United States District Court for the Southern District of New York. *See* Comment to Local Rule 13(j). The standards applicable to motions to reargue under Civil Rule 3(j) are the same as those applicable to motions pursuant to Fed.R.Civ.P. 59(e) to alter or amend a judgment. *E.g., Farkas v. Ellis,* 783 F.Supp. 830, 833 n. 1. (S.D.N.Y.), *aff'd,* 979 F.2d 845 (2d Cir.1992); *Travelers Ins. Co. v. Buffalo Reinsurance Co.,* 739 F.Supp. 209, 210 n. 1. (S.D.N.Y.1990). "The only proper ground on which a party may move to reargue an unambiguous order is that the court overlooked 'matters or controlling decisions' which, had they been considered, might reasonably have altered the result reached by the court." *Adams v. United States,* 686 F.Supp. 417, 418 (S.D.N.Y.1988) (quoting Civil Rule 3(j)). *See also Novak v. National Broadcasting Co.,* 760 F.Supp. 47, 48 (S.D.N.Y.1991); *Caleb & Co. v. E.I. DuPont de Nemours & Co.,* 624 F.Supp. 747, 748 (S.D.N.Y.1985). The rule is calculated "to insure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Carolco Pictures, Inc. v. Sirota,* 700 F.Supp. 169, 170 (S.D.N.Y.1988). *See also Farkas v. Ellis,* 783 F.Supp. at 832. It also precludes repetitive arguments on issues that have already been considered by the court. *Ruiz v. Commissioner of Dep't of Transp.,* 687 F.Supp. 888, 890 (S.D.N.Y.), *aff'd,* 858 F.2d 898 (2d Cir.1988).

ACB contends that the Decision should be altered or amended to reflect:

1. that Counts I, III, IX, X and XVII of the counterclaims are equivalent to "proofs of claim" entitled to consideration in the claims allowance process;

2. that there is a triable issue of fact as to whether those claims were timely filed;

3. that the Houbigant estate be required to preserve sufficient assets to pay the amounts sought in Count XV of the counterclaims as an administrative expense.

4. that Count XVII of the counterclaims is not time-barred by virtue of having been filed after the administrative bar date; and

 Counts I, III, IX, X and XVII of the counterclaims do not correspond to proofs of claim filed on ACB's behalf. For that reason, we dismissed those counterclaims as to Houbigant. 188 B.R. at 352. ACB correctly notes that during oral argument in this court on August 29, 1995, it asserted that we should treat those counterclaims as informal proofs of claim and that we failed to consider that argument in reaching the Decision. Nonetheless, ACB is not entitled to relief herein because the counterclaims do not constitute informal proofs of claim. The informal proof of claim is an equitable principle developed by courts to alleviate the harsh results of strict enforcement of the bar date. *See Matter of Mother Hubbard, Inc.,* 152 B.R. 189, 192 (Bankr. W.D.Mich.1993); 8 *Collier on Bankruptcy* ¶ 3001.03 at 3001–14 (Lawrence P. King et al. eds., 15th ed. 1995). To qualify as an informal proof of claim, a document purporting to evidence such claim must (1) have been timely filed with the bankruptcy court and have become part of the judicial record, (2) state the existence and nature of the debt, (3) state the amount of the claim against the estate, and (4) evidence the creditor's intent to hold the debtor liable for the debt. *See In re L.F. Rothschild Holdings, Inc.,* 143 B.R. 335, 336 (S.D.N.Y.1992); *In re Carmelo Bambace, Inc.,* 134 B.R. 125, 128 (Bankr.S.D.N.Y.1991). *See also In re Cole,* 189 B.R. 40, 46–47 (Bankr.S.D.N.Y.1995); *Hatzel & Buehler, Inc. v. Station Plaza Assoc., L.P.,* 150 B.R. 560, 561 (Bankr.D.Del.1993); *In re Thomson McKinnon, Inc.,* 130 B.R. 721, 723 (Bankr. S.D.N.Y.1991); *In re Drexel Burnham Lambert Group, Inc.,* 129 B.R. 22, 26 (Bankr. S.D.N.Y.1991). In its written submission, ACB contends that its counterclaims on file in the district court in this litigation are informal proofs of claim. As a matter of law, there is no merit to that assertion. *See, e.g., Berger v. Trans World Airlines, Inc. (In re*

*Trans World Airlines)*, 182 B.R. 102, 108 (D.Del.1995) (counterclaims filed by creditor in litigation pending in federal district court in Missouri do not qualify as informal claims in bankruptcy case pending in Delaware because they were not filed of record in the bankruptcy court). During argument, ACB contended alternatively that by annexing a copy of the counterclaims to the opposition it filed in this court to Houbigant's claims objection, the counterclaims constitute an informal proof of claim. However, because that document was filed after the administrative bar date lapsed, it cannot serve as an informal proof of claim. *See In re International Horizons, Inc.*, 751 F.2d 1213, 1217 (11th Cir.1985) (informal proof of claim must be filed prior to the bar date to be valid); *In re Rainbow Trust*, 179 B.R. 51, 54 (Bankr.D.Vt. 1995) (under the jurisprudence concerning informal proofs of claim filing of the formal proof of claim is said to relate back to the time of filing of the informal proof of claim). ACB argues that based upon our finding that there is a triable issue of fact as to whether debtor fraudulently concealed the facts underlying the Unilex Administrative Claim, Trademark Claim and the Indemnification Claim, *see* 188 B.R. at 355, 358, pursuant to Bankruptcy Rule 9006(b) we must enlarge its time for filing its informal proofs of claim. That argument ignores that by definition, an informal claim must be filed prior to the bar date. Moreover, by its terms, Bankruptcy Rule 9006(b) only applies to acts required to be done within a specified period by the Bankruptcy Rules or by notice given by the court pursuant to the Rules. It is irrelevant herein because the informal proof of claim is a creature of common law, not the Bankruptcy Rules or the Code. ACB could have filed formal proofs of claim on account of Counts I, III, IX, X, and XVII of the counterclaims and then sought to extend the bar date under Bankruptcy Rules 3003(c) and 9006(b). ACB concedes that it failed to do so to avoid subjecting itself to the claims allowance process of the bankruptcy court. *Compare Langenkamp v. Culp*, 498 U.S. 42, 44, 111 S.Ct. 330, 331, 112 L.Ed.2d 343 (1990) (filing of proof of claim subjects creditor to bankruptcy court's jurisdiction and enables it to participate in claims allowance process) (citing

*Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58–59, 109 S.Ct. 2782, 2799, 106 L.Ed.2d 26 (1989)). ACB cannot have it both ways. Equity mandates that it be bound by its tactical decision. *See In re Thomson McKinnon Secs., Inc.*, 153 B.R. 414 (Bankr. S.D.N.Y.1993); *In re Hooker Investments, Inc.*, 122 B.R. 659, 664–64 (S.D.N.Y.), *app. dismissed*, 937 F.2d 833 (2d Cir.1991).

Count XV of the counterclaims corresponds to the Unilex Administrative Claim. *See* 188 B.R. at 354. It is predicated on Houbigant's alleged post-petition breach of the pre-petition ACB License Agreement. *Id.* In opposition to Houbigant's assertion that Count XV is a time-barred general unsecured claim, ACB contended that the claim should be accorded administrative expense priority because Houbigant assumed the ACB License Agreement by continuing to perform and to accept ACB's performance thereunder post-petition. *Id.* at 355–56. We rejected ACB's "assumption by performance" argument and found that Count XV was not entitled to administrative expense priority under the Code. *Id.* ACB contends that we failed to consider the effect of Houbigant's pending motion for approval of the ACB License Agreement, as modified and assigned to PPI–Canada, on the classification of ACB's claim. It reasons that once the ACB License Agreement is "ordered (as modified)" Houbigant will have "assumed" the contract. Accordingly, at that time, ACB's breach of contract claim will be entitled to administrative expense priority. That argument was not raised by ACB in opposition to Houbigant's motion. As such, it cannot support ACB's motion to reargue. *See Rivera v. Dyett*, Nos. 88 Civ. 4707, 90 Civ. 3783, 1994 WL 225454 *1 (S.D.N.Y. May 25, 1994); *Ogden Corp. v. Travelers Indem. Co.*, 740 F.Supp. 963, 967 (S.D.N.Y.1990).

In Count XVII of the counterclaims, ACB alleges that Houbigant abandoned its trademarks and requests that we cancel those marks. Houbigant argued, and we agreed, that the counterclaim should be dismissed because it is not the subject of a filed proof of claim. 188 B.R. at 352. ACB now argues for the first time that it was not required to file a claim on account of Count XVII be-

cause it seeks equitable relief, not money damages. ACB is barred from raising this new argument in support of its motion to reargue. *See Rivera v. Dyett,* 1994 WL 225454 at *1; *Ogden Corp. v. Travelers Indem. Co.,* 740 F.Supp. at 967.

 Houbigant's motion to reargue focuses on the treatment accorded the Trademark Claim in the Decision. Count II of the counterclaims corresponds with the Trademark Claim. *See* 188 B.R. at 354. Therein, ACB alleged that Houbigant had for its own benefit induced others to violate ¶¶ 7(b), 7(c), 19, 20, and 22(1) of the Canadian Trade–Marks Act, causing damage to ACB in excess of $6 million. *Id.* We denied Houbigant's motion to dismiss that claim as a late filed claim, finding that there are triable issues of fact regarding the application of the administrative time bars to Count II. 188 B.R. at 355. In doing so, we relied, in part, on § 4 of the Canadian Trade–Marks Act. Houbigant now argues that because ACB failed to specifically allege breaches of ¶¶ 7(c) and 22(1) in the Trademark Claim, we should have dismissed those allegations in Count II as time-barred. "A proof of claim is a written statement setting forth a creditor's claim". Bankruptcy Rule 3001(a). It must "conform substantially with the appropriate Official Form." *Id.* Pursuant to Rule 3002(c)(2), any claim not asserted in a proof of claim may be barred. *In re Nat'l Gypsum Co.,* 139 B.R. 397, 412 (N.D.Tex.1992). In its 12(b)(6) motion, Houbigant focused solely on the timeliness of the late filed Trademark Claim and whether ACB could demonstrate excusable neglect under Rule 9006(b). It failed to challenge the adequacy of the claim and it cannot do so now. *See Rivera v. Dyett,* 1994 WL 225454 at *1; *Ogden Corp. v. Travelers Indem. Co.,* 740 F.Supp. at 967. Houbigant also argues that its alleged post-petition "use" of its mark cannot be an infringing use under § 4 of the Canadian Trade–Marks Act because, pursuant to § 19 of the Canadian Trade–Marks Act, a trademark owner is entitled to the exclusive right to the use of its own mark in Canada. Houbigant made the same argument in support of its motion to dismiss and has failed to demonstrate the "matters or controlling decisions" which we allegedly overlooked in reaching the Decision. Ac-

cordingly, its motion to reargue that aspect of the Decision is denied.

### Conclusion

Based on the foregoing, the motions to reargue are denied.