**IN RE: John Merrick EGAN and Eileen D Egan, Debtor.**

**Case No. 14–36831 (CGM)**

United States Bankruptcy Court, S.D. New York.

Signed March 2, 2015

Clarfield, Okon, Salomone, & Pincus, P.L., 425 RXR Plaza, Uniondale, New York 11556, Attorneys for Ocwen Loan Servicing, LLC, By: Dennis A. Amore, Esq.

Jeffrey L. Sapir, As Chapter 13 and 12 Trustee, 399 Knollwood Road, Suite, White Plains, NY 10603, By: Jeffrey L. Sapir, Esq.

Garvey Tirelli & Cushner, Ltd., Westchester Financial Center, 50 Main Street, Suite 390, White Plains, NY 10606, Attorneys for the Debtors, By: Linda M. Tirelli, Esq.

## MEMORANDUM DECISION DENYING MOTION TO ALLOW LATE FILED CLAIM

### CECELIA G. MORRIS, CHIEF UNITED STATES BANKRUPTCY JUDGE

Ocwen seeks allowance of its late filed claim. As late claims are not allowed in chapter 13 and Ocwen has not met its burden of establishing that its objection to confirmation should be treated as an informal proof of claim, the Court denies Ocwen's request.

### *Jurisdiction*

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012. This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of claims against the estate).

### *Background*

Debtor filed for chapter 13 relief on September 8, 2014. Vol. Pet., ECF No. 1. The last date to object to confirmation was November 10, 2014 and the last date to file proofs of claim was December 30, 2014. 341 Ntc., ECF No. 7. On September 29, 2014, Ocwen, as servicer of Deutsche Bank, filed an objection to confirmation. Obj., ECF No. 14. On January 6, 2015, Debtor filed a proof of claim on behalf of Ocwen in the amount of $1. Claim No. 5. On January 12, 2015, Ocwen filed a proof of claim in the amount of $134,416.38. Claim No. 6 (filed by Deutsche Bank National Trust Company c/o Ocwen Loan Servicing, LLC).

On January 26, 2015, Ocwen filed a motion to allow its late filed claim. Mot., ECF No. 25. Ocwen argues that its objection to confirmation should be considered an informal proof of claim and that its claim is not late under an excusable neglect analysis. *Id.* ¶¶ 7, 10.

The chapter 13 trustee filed opposition to the motion. Opp., ECF No. 30. He argues that the excusable neglect standard does not apply in a chapter 13 case. *Id.* ¶ 3. He argues that Ocwen cannot modify a proof of claim filed by the Debtor. *Id.* ¶ 11. He argues that the objection to confirmation should not be considered to be an informal proof of claim because the creditor was aware of the need to file a claim and never intended the objection to be an informal proof of claim. *Id.* ¶ 17. On February 19, 2015, Debtors filed opposition to the motion, in which they make similar arguments to those made by the chapter 13 trustee. D's Opp., ECF No. 31.

### *Discussion*

In its motion to allow its late filed claim, Ocwen makes two main arguments: 1) that its objection to confirmation should be considered an informal proof of claim; 2) that its late claim be allowed pursuant to the test set forth in *Pioneer Investment Services. Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The

Court will consider whether to permit Ocwen's late filed claim first, since the history of disallowing late claims in chapter 13 bears on whether to allow Ocwen's objection to confirmation as an informal proof of claim.

## Late claims are not allowed in chapter 13

■ Ocwen's argument that its late filed claim should be permitted under the doctrine of excusable neglect as outlined in *Pioneer* is misplaced. *See Aboody v. United States (In re Aboody)*, 223 B.R. 36, 38 (1st Cir. BAP 1998) (holding that the excusable neglect standard for allowing untimely proofs of claim does not apply in chapter 13 cases). Claims filed in chapter 13 cases are governed by Bankruptcy Rule 3002(c), which states that "a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code...." Fed. R. Bankr.P. 3002(c); *see also In re Daniels*, 466 B.R. 214, 217 (Bankr.S.D.N.Y.2011) (stating that Rule 3002(c) sets the standard for proofs of claim in chapter 13 cases). Rule 3002(c) goes on to provide six exceptions to the 90 day deadline, excusable neglect is not one of them. *Id.* Bankruptcy Rule 9006(b)(3) states: "[t]he court may enlarge the time for taking action under Rule[ ] ... 3002(c) ... only to the extent and under the conditions stated in th[at] rule[ ]." Fed. R. Bankr.P. 9006(b)(3). There is no excusable neglect basis for enlarging the claims bar date included in Rule 3002(c). Accordingly, the excusable neglect standard found in Rule 9006(b)(1) does not authorize extensions of the claims deadline imposed in chapter 13 cases. *In re Oscar*, 2005 WL 6522763 (Bankr.E.D.Pa. Apr. 14, 2005).

"[S]ince 1994, the courts have almost uniformly ruled that proofs of claim that are untimely filed in a Chapter 13 case may not be deemed timely filed, and that the claimants thereunder should not take from, or be permitted to recover from, the debtor's estate under the Chapter 13 plan." *Daniels*, 466 B.R. at 217 (listing examples). This Court has consistently held that late claims are not permitted in chapter 13 cases. *In re Dumain*, 492 B.R. 140, 148 (Bankr.S.D.N.Y.2013) (holding that secured creditors must comply with the bar date imposed by Bankruptcy Rule 3002(c)).

As such, the Court will not allow Ocwen's late claim.

## The test for allowing informal proofs of claim should take into account the facts of the case

■ The doctrine of informal proof of claim derives from the Second Circuit's holding that "it is not essential that a document be styled a 'proof of claim,' or that it be filed in the form of a claim, if it fulfills the purposes for which the filing of proof is required." *In re Lipman*, 65 F.2d 366, 368 (2d Cir.1933); *Dumain*, 492 B.R. at 149 (citing *Lipman* ). The party seeking to use the informal proof of claim doctrine bears the burden of proof. *Dumain*, 492 B.R. at 149. While the Second Circuit has not provided a specific test, bankruptcy courts in this Circuit generally follow the following four-part test: To be an informal proof of claim, a document "must have been 1) timely filed with the bankruptcy court and become part of the judicial record; 2) state the existence and the nature of the debt; 3) state the amount of the claim against the estate; and 4) evidence the creditor's intent to hold the debtor liable with the debt." *Dumain*, 492 B.R. at 149; *accord In re St. James Mech., Inc.*, 434 B.R. 54, 63 (Bankr.E.D.N.Y. 2010); *In re Enron Creditors Recovery Corp.*, 370 B.R. 90, 99 (Bankr.S.D.N.Y. 2007); *Houbigant, Inc. v. ACB Mercantile, Inc. (In re Houbigant, Inc.)*, 190 B.R. 185, 187 (Bankr.S.D.N.Y.1995).

Ocwen's objection to confirmation was timely filed; states the nature of the debt to be "pre-petition mortgage arrears;" states the total amount of mortgage arrears as $63,806.90; and states that it intends to hold the debtor liable by indicating that a claim will be filed for this amount and objecting to the plan. Obj. ¶¶ 2, 4. Thus, it presumably meets the requirements necessary to be considered an informal proof of claim under the current test used by bankruptcy courts in this Circuit. *See In re Benedict*, 65 B.R. 95, 96 (Bankr.N.D.N.Y.1986) ("[C]ertainly [Creditor]'s timely filing of the objection to Debtors' Plan sufficiently established 'the creditor's intention to hold the estate liable' for a claimed obligation. Once filed, the informal writing is susceptible to amendment after the expiration of the deadline for filing proofs of claim, so as to bring it into conformity with the required formalities of FRBP 3001.") (internal citations omitted).

However, a number of Courts of Appeals that have considered the informal proof of claim doctrine have added a fifth prong to the test: "[W]hether, given the particular surrounding facts of the case, it would be equitable to treat the document as a proof of claim." *Am. Classic Voyages Co. v. Official Comm. (In re Am. Classic Voyages Co.)*, 405 F.3d 127, 130–131 (3d Cir.2005); *see also Barlow v. M.J. Waterman & Assoc's., Inc. (In re M.J. Waterman & Assoc's., Inc.)*, 227 F.3d 604, 610 (6th Cir.2000) ("[W]e turn next to the fifth and arguably most critical element of the analysis-whether allowance of the informal proof of claim would be equitable under the circumstances."); *Nikoloutsos v. Nikoloutsos (In re Nikoloutsos)*, 199 F.3d 233, 236 (5th Cir.2000) ("[T]o qualify as an informal proof of claim: (1) the claim must be in writing; (2) the writing must contain a demand by the creditor on the debtor's estate; (3) the writing must evidence an intent to hold the debtor liable for such debt; (4) the writing must be filed with the bankruptcy court; and (5) based upon the facts of the case, allowance of the claim must be equitable under the circumstances."); *Clark v. Valley Fed. Sav. & Loan, Ass'n (In re Reliance Equities, Inc.)*, 966 F.2d 1338, 1345 (10th Cir.1992) ("[W]ith respect to informal proofs of claim: 1. the proof of claim must be in writing; 2. the writing must contain a demand by the creditor on the debtor's estate; 3. the writing must express an intent to hold the debtor liable for the debt; 4. the proof of claim must be filed with the Bankruptcy Court; and 5. based on the facts of the case, it would be equitable to allow the amendment.)."

When analyzing the facts of a case under the fifth prong, courts consider whether the claimant is sophisticated; whether the claimant had actual notice of the bar date; and whether the claimant was intimately involved in the debtor's case. *In re Han–Hsien Tuan*, 2013 WL 5719505, at *5 (D.N.J. Oct. 21, 2013). Courts considering this prong are less likely to employ the informal proof of claim doctrine where the creditor is represented by counsel as "[a]ttorneys practicing in bankruptcy court are with a general knowledge of the Federal Rules of Bankruptcy Procedure." *Id.* Courts are also less likely to employ the doctrine if permitting the late claim would significantly affect the payout to creditors with timely filed claims. *Id.*

Adding this fifth prong adheres more closely to the doctrine's original roots, which was to allow a defective claim that did not meet all of the formalities required to be a proof of claim and was not meant to legitimize what would otherwise be considered sloppy legal practice. *In re Fink*, 366 B.R. 870, 877 (Bankr.N.D.Ind. 2007) ("Properly confined, the informal

claim doctrine can be applied liberally in order to honor the substance of the creditor's actions—the genuine attempt at filing a proof of claim—rather than allowing technical details of form to thwart the effort."); *see also Am. Classic*, 405 F.3d at 132 ("The distinction between formal and informal proofs of claim refers only, as the terms suggest, to their form, not their substance."). "The court should not begin with a filing that was consciously designed to serve one purpose and then find within that document a different purpose altogether, thereby legitimizing an otherwise untimely claim." *Fink*, 366 B.R. at 877. Adding this prong also makes sense in light of the fact that late claims are not permitted in chapter 13 cases. *See Am. Classic*, 405 F.3d at 131 ("The modern formulation of the ... test ... reflects significant changes in the administration of bankruptcy over the last nine decades. Not only are modern bankruptcy courts themselves creatures of intervening statutes, but also, bankruptcy proceedings today ... are of a scale and complexity unforeseen in 1915. Bankruptcy proceedings are now governed by elaborate rules of procedure designed to make that scale and complexity manageable.").

█ When analyzing Ocwen's objection to confirmation under the fifth prong, it becomes clear that the objection to confirmation should not be considered an informal proof of claim. Ocwen is a sophisticated creditor that routinely appears in bankruptcy court and is well aware of the need to file a timely proof of claim—as it does so in hundreds, if not thousands of cases each year. Ocwen had actual knowledge of the claims bar date. In its objection to confirmation, Ocwen states: "Creditor is in the process of preparing a Proof of Claim to be timely filed with the Court by the Bar Date of December 30, 2014." Obj, ¶ 4. Ocwen was intimately involved

in the case and familiar with all deadlines; it filed an objection to confirmation and a notice of appearance in the case. *Id.;* Ntc. Appearance, ECF No. 13. Ocwen was represented by counsel that regularly practices in bankruptcy court. *Fink*, 366 B.R. at 877 ("Attorneys, particularly experienced bankruptcy practitioners, are expected to know the difference between motions and objections and adversary proceedings and claims, and they are expected to file the appropriate thing at the appropriate time."). Allowing this claim would significantly affect the payout to creditors as this claim is worth more than the Debtor will pay over the life of the current plan. *See* Plan, ECF No. 9. If this claim were allowed, unsecured creditors will not receive any distribution and the reorganization of Debtors' finances may not be possible.

In coming to this conclusion, the Court notes that Ocwen is not prejudiced by this holding as secured creditors may look to their lien for satisfaction of their debt. *Dumain*, 492 B.R. at 143. ("It is a well-established principle of bankruptcy law that liens pass through bankruptcy proceedings unaffected. Therefore, [a secured creditor] has the option to look to its lien for satisfaction as the sole means of satisfying the debt. To be entitled to distributions from the chapter 13 plan, [a secured creditor] needs an allowed claim.").

### Ocwen cannot amend the claim filed by Debtors on its behalf

Although Ocwen does not explicitly argue that it should be permitted to amend the claim that the Debtors filed on its behalf, the Court will address this possibility because the chapter 13 trustee raised the issue in his opposition. Bankruptcy Rule 3004 states that "[i]f a creditor does not timely file a proof of claim ..., the debtor ... may file a proof of claim within

30 days after the expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable." Fed. R. Bankr.P. 3004. The Advisory Committee Note to the 2005 amendment to Rule 3004 states:

Providing the debtor and the trustee with the opportunity to file a claim ensures that the claim will participate in any distribution in the case. This is particularly important for claims that are nondischargeable.

\* \* \*

Since the debtor and trustee cannot file a proof of claim until after the creditor's time to file has expired, the rule no longer permits the creditor to file a proof of claim that will supersede the claim filed by the debtor or trustee. *The rule leaves to the courts the issue of whether to permit subsequent amendment of such proof of claim.*

*See In re Sacko,* 394 B.R. 90, 96 (Bankr. E.D.Pa.2008) (emphasis added) (permitting creditor to amend claim filed by debtor on its behalf where creditor acts promptly and where debtor is not prejudiced).

Here, Ocwen filed its late proof of claim six days after the Debtors. Despite this, allowance of this claim will greatly prejudice the Debtors and jeopardize their reorganization. As such, the Court declines to allow amendment of the Debtors' claim.

### Conclusion

For the foregoing reasons, the Court denies Ocwen's motion to allow in its entirety. The chapter 13 trustee shall submit an order consistent with this Memorandum Decision.