Alfred W. McMurray et al., Executors, etc., Respondents, *v.* Stephen R. Noyes, Appellant.

Defendant, upon assignment of a bond and mortgage, covenanted that if, in case of foreclosure and sale of the mortgaged premises, there should arise a deficiency, he would pay the same on demand. In an action thereon, *held*, that the guaranty was not one of payment; but the foreclosure and sale were conditions precedent, to be performed with due diligence in order to establish the liability of the guarantor.

The holder of the bond and mortgage delayed foreclosure for fourteen months after they were due. For ten months of this time the mortgaged property was a sufficient security; but afterwards the buildings thereon were destroyed by fire, and the value thereof reduced below the amount of the mortgage debt. *Held*, that the delay was sufficient to constitute *laches* discharging the guaranty.

*Goldsmith* v. *Brown* (35 Barb., 484), distinguished.

(Argued February 4, 1878; decided February 19, 1878.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was upon a guaranty, which is set forth in the opinion ; wherein the material facts are also stated.

*Esek Cowen,* for appellant.    The  delay in foreclosing the mortgage was sufficient *laches* to discharge the guarantee. (*Allan* v. *Rightman,* 20 J. R., 365; *Brown* v. *Curtiss,* 2 N. Y., 225; *Pain* v. *Packard,* 13 J. R., 174; *Holl* v. *Hadley,* 2 Ad. & El., 758; *Eddy* v. *Stantons,* 21 Wend., 255, 258; *Goldsmith* v. *Brown,* 35 Barb., 484, 491; *Craig* v. *Parkis,* 40 N. Y., 181; *Newell* v. *Fowler,* 23 Barb., 628.)

*Irving Browne,* for respondents.    The guaranty being one one of payment, defense set up was unavailable.    (*Clark* v. *Sickler,* 64 N. Y., 261; *Remsen* v. *Beekman,* 25 id., 557; *Goldsmith* v. *Brown,* 35 Barb., 484.)

Rapallo, J.    The guaranty on which this  action  is brought is contained in an assignment of a bond and mortgage, and is in the following form :

" I hereby covenant  *  *  *  that in case of foreclosure and  sale of  the mortgaged premises described in said mortgage, if the proceeds of such sale shall be insufficient to satisfy the same, with the costs of foreclosure, I will pay the amount of such deficiency to the said party of the second part, or its assigns, on demand."

On the part of the appellants, it is contended that this guaranty is subject to the rules applicable to guaranties of collection, and thus *laches* in foreclosing the mortgage, after default, is a defense.    The respondents insist that it is a guaranty of payment, and that they were under no obligation to use diligence in endeavoring to collect the mortgage debt by foreclosure.

The fundamental distinction between a guaranty of pay-

ment and one of collection is, that in the first case the guarantor undertakes unconditionally that the debtor will pay, and the creditor may, upon default, proceed directly against the guarantor, without taking any steps to collect of the principal debtor, and the omission or neglect to proceed against him is not (except under special circumstances) any defense to the guarantor; while in the second case the undertaking is that if the demand cannot be collected by legal proceedings the guarantor will pay, and consequently legal proceedings against the principal debtor, and a failure to collect of him by those means are conditions precedent to the liability of the guarantor; and to these the law, as established by numerous decisions, attaches the further condition that due diligence be exercised by the creditor in inforcing his legal remedies against the debtor.

These rules are well settled, and are not controverted, and the only question is to which class of guaranties the one now before us belongs.

It is apparent upon the face of the instrument that the undertaking of the defendant was not an unconditional one that the mortgagor should pay, or that the guarantor would pay on default of the mortgagor, but only that the guarantor would pay, in case of a deficiency arising on a foreclosure and sale. The foreclosure and sale were consequently conditions precedent, and the general principle is, that wherever a condition precedent is to be performed for the purpose of establishing the liability of a surety or guarantor, such condition must be performed in good faith and with due diligence. It is upon this principle that, in case of a guaranty of collection diligence is required of the creditor.

I am unable to see why this principle is not applicable to the guaranty now in controversy. The respondents claim that it is an undertaking to pay any deficiency which may arise, and is, therefore, a guaranty of payment of the mortgage debt to that extent, and to be governed by the same rules as if it had been a guaranty of payment of the whole mortgage. But the fallacy of this reasoning

is that it is not an unconditional guaranty that the mortgagor will pay the mortgage debt, or any part of it, but only that after the remedy against the land has been exhausted, and the deficiency ascertained by foreclosure and sale, the guarantor will pay such deficiency. The only difference between this and an ordinary guaranty of collection is, that in the latter case the undertaking is that after it has been ascertained by all such legal proceedings as the case admits of that the demand cannot be collected, the guarantor will pay; while in the present case the only proceedings which the creditor is bound to adopt are a foreclosure of the mortgage and sale of the mortgaged lands. To that extent the condition precedent exists alike in both cases, and the duty of exercising due diligence attaches, there being nothing in the instrument qualifying or dispensing with it.

The case of *Goldsmith* v. *Brown* (35 Barb., 484), is relied upon by the respondents as sustaining their position. In that case the covenant was, as construed by the court, to pay the deficiency upon the mortgage debt *whenever* the remedy against the lands mortgaged should have been exhausted and the deficiency ascertained. The decision in that case can only be sustained by construing the covenant as waiving diligence in foreclosing, and binding the covenantor to pay the deficiency without regard to the time of the foreclosure. Nothing in the covenant now under examinination has any relation to the time of the foreclosure, or can be construed as waiving the diligence required by the general rules of law in performing the condition.

The delay in foreclosing in the present case was fourteen months after the mortgage debt became due. During upward of ten months of this time the property was a sufficient security, but afterward the buildings thereon were destroyed by fire, and the value was reduced below the amount of the mortgage debt. It cannot be questioned that this delay was sufficient to constitute *laches*. In *Craig* v. *Parkis* (40 N. Y., 181), a delay of six months in foreclosing

a bond and mortgage was held to be *laches* which discharged a guaranty of its collection.

The judgment should be reversed, and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.