■ J. Boyd Mullan, Respondent, v James L. Randall, Appellant. — Order and judgment unanimously reversed, with costs, and motion denied. Memorandum: Special Term erred in granting summary judgment to the creditor in this action against a guarantor of collection of a promissory note. Summary judgment was premised on a showing by the creditor that he had obtained a default judgment against the corporate principal and that an execution on that judgment had been returned unsatisfied. Where a guarantee is one of collection, the creditor must, in order to collect from the guarantor, show not only that he has taken legal action against the principal and has been unable to collect, but also that he exercised "due diligence * * * in inforcing his legal remedies against the debtor" (*McMurray v Noyes*, 72 NY 523, 525; see *Craig v Parkis*, 40 NY 181; see, generally, 1 Brandt, Law of Suretyship and Guaranty [3d ed], §§ 112, 114, 115). Here, although the creditor has established that he sued the corporate principal and could not collect, he has made no showing of due diligence. A question of fact on whether he proceeded with diligence appears from the record, which indicates that there were numerous defaults in the installment payments on the note beginning no later than 1976, that the corporate debtor was dissolved by proclamation in 1979, and that the creditor did not take action on the note until 1981. (Appeal from order and judgment of Supreme Court, Monroe County, Tillman, J. — summary judgment.) Present — Hancock, Jr., J. P., Doerr, O'Donnell, Moule and Schnepp, JJ.