(January 26, 1989)

■ MEINHARD COMMERCIAL CORP., Respondent, v NEIL B.

SAUL, Defendant, and JOSEPH R. GETZ, Appellant.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered November 5, 1987, which, *inter alia,* granted plaintiff's motion for summary judgment and denied the cross motion of the defendant Getz to amend his answer, unanimously reversed, on the law and the facts, the motion for summary judgment denied, judgment of same court entered November 18, 1987 vacated, and the cross motion to amend the answer granted, without costs.

In this action plaintiff alleges that in September 1983 it entered into a factoring agreement with Bodyguard Industries, Inc. for advances against accounts receivable. Defendant Getz guaranteed the factoring agreement to the extent of $75,000 by an agreement dated September 1, 1983. Said agreement guaranteed "all indebtedness and obligations" of Bodyguard. When Bodyguard defaulted on its obligations, plaintiff sued the defendant Getz.

The record reveals that in addition to the factoring agreement providing for advances against accounts receivable, plaintiff and Bodyguard entered into a letter of credit agreement, on or about September 1, 1983, for the purchase of inventory. Defendant Getz claims that he did not know of the letter of credit agreement and had no intention of guaranteeing its terms. He further claims that plaintiff is suing for amounts due under the letter of credit agreement. On this record factual issues are raised concerning the intent of the parties, the knowledge of Getz of the letter of credit agreement and the source of the indebtedness claimed.

While the proposed amended answer is not included in the record, the said record indicates that the amended answer would include a counterclaim against plaintiff for breach of an implied covenant of good faith and a cross claim for indemnity against defendant Saul. Without judging the merits of those claims, the amendment should be allowed. Concur—Murphy, P. J., Carro, Asch, Rosenberger and Smith, JJ.