■ CITIZENS AND SOUTHERN COMMERCIAL CORPORATION, Appellant, v FRANK CATAPANO, Respondent.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered December 13, 1989, which denied plaintiff's motion for summary judgment, unanimously reversed, on the law, and summary judgment is granted to the plaintiff dismissing defendant's affirmative defenses, and in plaintiff's favor in the amount of $577,771 plus interest on its first cause of action, on liability only on its second cause of action for attorney's fees and the matter remanded for a hearing to determine the reasonable amount of said fees, without costs.

Defendant Frank Catapano was a principal and stockholder of New York Pillow Company, Inc. In 1985, New York Pillow and Chemical Bank entered into a factoring agreement in a writing executed April 30, 1985. At that time, Catapano guaranteed New York Pillow's obligations to Chemical Bank. The guarantee provided, in pertinent part:

*"[Catapano] irrevocably and unconditionally guarantee[s] to [Chemical] and agree[s] to be, without deduction by reason of setoff, defense, or counterclaim of [New York Pillow], primarily liable to [Chemical] for* (i) the due performance of all [of New York Pillow's] contracts and agreements with [Chemical], both present and future and any and all subsequent renewals, continuations, modifications, supplements and amendments thereof, and (ii) *the payment to [Chemical] of any and all indebtedness, obligations, liabilities and sums which may be presently due and owing or which shall in the future become due and owing to [Chemical] from [New York Pillow] including, without limitation, any and all amounts charged or chargeable to the account of [New York Pillow] and any and all obligations incurred and sums due or to become due to [Chemical].* * * *

*"In addition [Catapano] shall be liable to [Chemical] for all*

*costs and expenses incurred by [Chemical] in attempting or effecting collection hereunder, including reasonable attorneys' fees,* if any claim hereunder is referred to any attorney for collection. * * *

"[Catapano] agree[s] * * * if a petition in bankruptcy or any insolvency or reorganization proceeding shall be filed or commenced by, against or in respect of [New York Pillow] any and all obligations of [Catapano] shall, at [Chemical's] option and without notice, forthwith become due and payable. * * *

"[Chemical's] books and records showing the account between [Chemical] and [New York Pillow] shall be admissible in evidence in any action or proceeding, shall be binding upon [Catapano] for the purpose of establishing the items therein set forth, and shall constitute prima facie proof thereof". (Emphasis added.)

Later, both the factoring agreement and Catapano's guarantee, which were freely assignable according to their terms, were assigned by Chemical to plaintiff Citizens and Southern Commercial Corporation (C & S) in 1987. New York Pillow filed a petition for bankruptcy in the United States Bankruptcy Court on December 7, 1988.

On April 19, 1989, C & S commenced this action against Catapano, seeking to enforce his guarantee and recover New York Pillow's indebtedness. In a second cause of action, C & S sought to recover attorney's fees, pursuant to the terms of the guarantee.

Shortly after issue was joined, plaintiff moved for summary judgment. In support of the motion, plaintiff submitted the guarantee and referred to its absolute and unconditional terms. Plaintiff also set forth that its books and records as of April 14, 1989 showed that New York Pillow was indebted to it in the amount of $577,771 and plaintiff also submitted its August 1989 statement of account to New York Pillow, which was never objected to, showing a balance of $584,035.92 (representing $577,771 plus accrued interest and miscellaneous charges).

In opposition to the motion, defendant contended that Chemical Bank extended additional credit to New York Pillow beyond that contemplated in the factoring agreement and that, as a person not involved in the day-to-day operation of the business, he was never aware of, nor a party to, this additional credit. Catapano asserted that since the factoring agreement and his guarantee were part of the same transaction, he should not be liable for additional moneys advanced beyond the terms of the factoring agreement.

The IAS court denied the motion for summary judgment, finding that there were two issues of fact. First, the court found that there was a question of fact whether the guarantee was absolute and unconditional. Second, the court adopted defendant's argument and found that there was a question of fact whether the additional advances were made beyond New York Pillow's receivables, and that, if so, the guarantee would not subject defendant to such additional liabilities.

The order should be reversed. Initially, the IAS court erred when it found that there was a question of fact as to whether the guarantee was absolute and unconditional. By the very terms of the agreement, it clearly was. Defendant's conclusory and generalized allegations of parol representations by Chemical setting forth conditions to the guarantee and inducing him to enter into the agreement do not serve to overcome the clear absolute language of the guarantee (see, Citibank v Plapinger, 66 NY2d 90; James Talcott, Inc. v Bloom, 29 AD2d 390).

Moreover, defendant's allegations that Chemical extended additional credit to New York Pillow do not defeat the unconditional and independent nature of his guarantee. The guarantee specifically sets forth that defendant is liable for "any and all" debt owed by New York Pillow to Chemical Bank and its assigns. Therefore, it was error to read the guarantee only in conjunction with the factoring agreement. (James Talcott, Inc. v Bloom, supra.) Defendant's reliance on Meinhard Commercial Corp. v Saul (146 AD2d 537) is misplaced. There, the defendant guaranteed a factoring agreement executed between plaintiff and a corporation, and the plaintiff attempted to hold the guarantor liable for debts incurred by the corporation pursuant to an independent letter of credit agreement. In the face of defendant's claims that he did not know of the letter of credit and did not intend to guarantee it, the court denied plaintiff summary judgment on the guarantee. Here, in distinction, even assuming as true defendant's allegations that additional advances were furnished to New York Pillow, they were furnished in conjunction with the factoring agreement and not in conjunction with a completely independent agreement, and the broad, unconditional. nature of defendant's guarantee of "any and all" debts of New York Pillow precludes the use of such a defense against the plaintiff.

Furthermore, defendant cannot now dispute the amount due, since the express language of the guarantee provides that the factor's books and records showing the account stated to New York Pillow shall be binding on the defendant guarantor. Plaintiff has submitted its monthly statement with New York

Pillow, and there is no evidence that New York Pillow ever objected to the amount due.

Accordingly, summary judgment is granted in the unquestioned amount demanded in the first cause of action, and dismissing defendant's affirmative defenses.

Moreover, since the guarantee expressly provides that the guarantor will be liable for any expenses, including attorney's fees, incurred in its enforcement, summary judgment is granted on liability on the second cause of action seeking such expenses, and the matter remanded for a hearing to determine the reasonable amount of such expenses. Concur—Kupferman, J. P., Milonas, Ellerin, Wallach and Rubin, JJ.