NEW YORK CITY DEPARTMENT
OF FINANCE and the City of
New York, Plaintiffs,

v.

TWIN RIVERS, INC., American National
Bank and Trust Company of Chicago, as
Trustee, Realty Growth Investors, Inc.,
and American Invesco Corp., Defendants.

No. 95 Civ. 1389 (HB).

United States District Court,
S.D. New York.

March 11, 1996.

Paul Crotty, Corporation Counsel of the City of New York, New York City, for plaintiff (Robin Green, of counsel).

L. Donald Prutzman, Stecher Jaglom & Prutzman, New York City, for defendants.

### ORDER AND OPINION

BAER, District Judge.

Defendants American Invesco Corporation ("AIC") and Realty Growth Investors, Inc. ("RGI") seek to dismiss plaintiff's complaint against them under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Moving defendants are Guarantors of Notes signed by the other two defendants in this action, Twin Rivers Inc. ("Twin Rivers") and American National Bank and Trust Company of Chicago ("ANB"). Plaintiff, City of New York Department of Finance ("City"), seeks to collect over two million dollars from defendants Twin Rivers and ANB.

Defendants AIC and RGI assert that because plaintiff has not exhausted all of its remedies against Twin Rivers and ANB, an action against the guarantors at this time is premature. The defendants' motion is DENIED.

### I. Background

This case arises out of the failure of an entity known as Plaza 400 Limited Partnership ("Plaza 400"), a wholly owned subsidiary of American Invesco Corporation ("AIC"), to pay the City unincorporated business taxes for the years 1981 and 1984. On July 9, 1987 the City entered into an agreement with AIC regarding the repayment of the taxes due. Pursuant to this agreement, defendants Twin Rivers and ANB executed a Note promising to pay the City $1,302,573.00 on or before September 15, 1989 plus interest equal to the statutory rate [1] and all costs of collection, including reasonable attorney's fees.

Twin Rivers and ANB also gave the Department of Finance a Mortgage and Security Agreement ("MSA") to secure payment of the Note. The MSA was secured by several parcels of land in Chicago known as the Pavilion Apartments. At the same time, defendant Realty Growth Investors, Inc. ("RGI") executed a Guarantee of Collection on the liabilities of Twin and ANB in the event the principal debtor defaulted in its payment of the amounts due under the Note. Similarly, AIC executed a Guarantee of Collection on the liabilities of Twin and ANB in

---

1. After the maturation date or acceleration of the Note, interest would equal the statutory rate plus 5%.

the event of a default of the principal amount not exceeding $997,439.00.

The Department of Finance also entered into a separate Inter–Creditor Agreement with Chemical Bank on July 9, 1987. In this agreement, the Department of Finance acknowledged that its agreements with Twin Rivers, ANB, RGI and AIC were subject and subordinate to two priority mortgages securing the Pavilion Apartments which were held by Chemical.

Twin Rivers and ANB failed to make payment on their Note when it became due on September 15, 1989. Under the Inter–Creditor Agreement, the City could not declare a default until Chemical declared a default and accelerated its mortgages with the defendants. On October 28, 1992, Chemical brought a mortgage foreclosure action on the Pavilion Apartments against Pavilion Holding Corp., ANB and the Department of Finance in Cook County, Illinois. The City was represented in that action.

On December 29, 1992 a Judgment of Consent Foreclosure was entered in Chicago, Illinois. Under the Judgment, Chemical accepted a deed for the Pavilion Apartments property. The Court found that the Department of Finance had "exhausted its remedies against the defendants." The Court further found that Chemical had no right to a deficiency judgment against any mortgagor under the Chemical mortgages for the Pavilion Apartments or against any other person liable for the indebtedness secured by the mortgages. The value of the Pavilion Apartments was less than the amount due to Chemical and, at the end of the foreclosure action, the Note at issue here remained unsatisfied.

Plaintiff sent notices to Twin Rivers and ANB on September 10, 1993 and October 3, 1994 demanding payment of the Note. The City has not received any payments from either Twin Rivers or ANB. Plaintiff also sent notices to defendant RGI on these same dates. RGI has not made any payments to the Department of Finance. On February 17, 1994 plaintiff sent a notice to defendant AIC demanding payment. AIC has not made any payment to the Department of Finance.

## II. Discussion

Defendants move to dismiss the complaint against them for failure to state a claim pursuant to Fed.R.Civ.Pro. 12(b)(6). Defendants contend that the City has not satisfied the two conditions precedent necessary before an action can be commenced on the Guarantees. For the reasons which follow below, I find that the City has satisfied the two conditions precedent to commence this action and defendant's motion to dismiss is denied.

### a. Standard Under Rule 12(b)(6).

An action cannot be dismissed pursuant to Fed.R.Civ.Pro. 12(b)(6) unless "it appears ... that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Staron v. McDonald's Corp.,* 51 F.3d 353, 355 (2d Cir.1995) (citations omitted). When reviewing a motion to dismiss, the Court must "accept as true the factual allegations of the Complaint" and "read the Complaint liberally, drawing all inferences in favor of the pleader." *IUE AFL CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1052 (2d Cir.1993).

### b. Exhaustion of Remedies

A guaranty is a collateral promise to answer for the payment of a debt or obligation of another, in the event the first person liable to pay or perform the obligation fails. A guaranty may be either a guaranty of payment or of collection. A court must look to the language of the specific guaranty to determine the nature of the guaranty. *Tucker Leasing Capital Corp. v. Marin Medical Management, Inc.,* 833 F.Supp. 948, 957 (E.D.N.Y.1993).

The difference between a guaranty of collection and a guaranty of payment is quite simple. In a guaranty of collection, the guarantor undertakes the responsibility to pay if and only if the debt cannot be collected from the principal through legal proceedings. *See McMurray v. Noyes,* 72 N.Y. 523, 525 (1878); *see also Northern Ins. Co. v. Wright,* 76 N.Y. 445 (1879); 63 N.Y.Jur.2d, *Guaranty*

*and Suretyship* § 369 at 487–88. Thus, there are two conditions precedent to enforce a guaranty of collection; one, a legal proceeding must be initiated against the principal debtor, and two, the party seeking payment is unable to collect from the principal debtor after he exercised due diligence in attempting to collect the debt. *McMurray*, 72 N.Y. at 525.

In contrast, a guarantor of payment undertakes an unconditional guaranty that the debtor will pay on the debt. If for some reason, the debtor fails to make payment to the creditor, he can proceed directly against the guarantor. *Id.* Unlike the requirements a creditor must take to enforce a guaranty of collection, a creditor who seeks to enforce a guaranty of payment need not take any preliminary steps against the principal debtor before he seeks to collect the debt owed from the guarantor of payment. *Id.*

Here, there is no dispute that the guarantees are guarantees of collection. The language is specific and states that it is a guarantee of collection. Further, in each guaranty, the guarantor, either RGI or AIC, specifically states that it guarantees the collection of the obligor's liabilities. The language of the guarantees is as follows:

> This is a guarantee of collection and not of payment. Guarantor hereby guarantees the collection of the Liabilities of the Obligor upon the condition that, in the event Obligor defaults in the payment of any of the Liabilities of Obligor, the Obligee shall first have exhausted all of its remedies against Obligor to recover from the Obligor so much of the Liabilities of Obligor as can be thereby obtained, before requiring payment of any part thereof from the Guarantor.

Defendants assert that because this is a guaranty of collection, the City must first exhaust ordinary means before it moves to enforce the guaranty, *Consolidated Steel Corp. v. Pressed Steel Car Co.*, 118 Misc. 480, 194 N.Y.S. 649 (1922), and that until plaintiff exhausts all ordinary means of collection against defendants Twin Rivers and ANB, plaintiff's action is premature. Defendants further contend that a creditor is obligated to exercise due diligence in enforcing his legal rights against the obligor before seeking to recover from the guarantor of collection.

The City contends that a subsequent provision contained in the RGI Guaranty gives them the right to sue immediately. The relevant provision on which the Department of Finance relies directly follows the language quoted above and states:

> Notwithstanding the foregoing, in the event Obligor has sold the property and all sums due to Chemical Bank (whether for principal, interest or otherwise) pursuant to its mortgage liens on the Property have been paid in full there shall be no requirement that the Obligee exhaust its remedies against Obligor.

The City argues that pursuant to the Judgment of Consent Foreclosure entered on December 29, 1992, the property (Pavilion Apartments) was transferred to Chemical Bank to satisfy Chemical's mortgage liens. The City references the relevant portion of the Judgment which states that:

> (b) Chemical has no right to any personal judgment for deficiency against any mortgagor under the Mortgages or any other person liable for the indebtedness secured by the Mortgages;
>
> (c) Defendant CNYDF [the City] has exhausted its remedies against defendants under its third lien on the Property.

Thus, the City argues that since the property has been transferred to Chemical Bank and Chemical Bank's loans have been partially satisfied, an action against RGI and AIC pursuant to the terms of the guarantees is proper and timely.

Even though defendant counters this argument and asserts that this provision only appears in the RGI Guaranty and that the terms of the provision were not triggered, plaintiff's arguments are more persuasive and correct under the case law. Defendants argue that because the property was not sold and because the debt owed to Chemical Bank was not satisfied, the provision cannot be enforced. I disagree with defendants on this later point.

I find that the terms of the provision were satisfied by the December 29, 1992 Judgment

of Consent Foreclosure which is equivalent to a forced sale. However, I do agree with the defendants when they argue that because the provision is not contained in the AIC guaranty, the plaintiff can invoke the use of this provision only against RGI and not against AIC.

### c. Exercise of Due Diligence

██ Defendants contend that prior to bringing an action against RGI or AIC, the City must also first exercise due diligence to pursue its rights under the Note. Specifically, defendants argue that the Department of Finance waited over 2½ years to bring this action against the defendants and that this period is too long as a matter of law. *See Craig v. Parkis,* 40 N.Y. 181 (1869) (Court of Appeals held that creditor's delay of six months between due date of note and commencement of suit not exercise of due diligence); *McMurray v. Noyes,* 72 N.Y. 523 (1878) (fourteen month delay in commencing suit to recover on note due constituted lack of due diligence); *accord Jackson v. Decker,* 14 A.D. 415, 43 N.Y.S. 957 (1st Dep't 1897) (sixteen month delay in enforcing note did not satisfy due diligence requirement). Each of the cases defendants rely on suggest that at a minimum, a six month interval between the time a note comes due and the enforcement of the note, is sufficient to predicate the dismissal of an enforcement action as a matter of law.

Although there was a 2½ year period here, plaintiffs cite to language in the Note and Guarantees which directly counters this argument and removes the requirement that plaintiff exercise due diligence in attempting to collect the amount owed by the obligor. The relevant language in the Note states:

> No failure on the part of Payee [the City] to exercise, and no delay in exercising, any right, remedy or power hereunder or under any other document or agreement executed in connection herewith shall operate as a waiver thereof.

Similarly, the relevant provision in both the AIC and RGI guarantees states:

> No delay on the part of the Obligee [the City] in exercising any rights hereunder or failure to exercise the same shall operate as a waiver of such rights.

The City argues correctly that these provisions specifically excuse plaintiff from exercising due diligence prior to pursuing a collection claim on the Note and Guarantees. The language in this provision clearly and unambiguously excuses the obligor from the due diligence requirement. *See Citizens and Southern Commercial Corp. v. Catapano,* 164 A.D.2d 812, 559 N.Y.S.2d 543 (1st Dep't. 1990) (court held that clear language of guaranty obligated guarantor to pay under its terms); *see also James Talcott, Inc. v. Bloom,* 29 A.D.2d 390, 288 N.Y.S.2d 398 (1st Dep't.1968) (court bound guarantor on clear and unambiguous guaranty).

Further, it is not apparent that the City has languished in asserting its claim against the defendants. First, the Inter–Creditor Agreement with Chemical Bank proscribed the City's right to collect on the Note. The City's Note was subordinate to Chemical's Mortgages on the Pavilion Apartments and thus, defendants Twin Rivers and ANB did not fully default on their obligation to the City until after the judgment was entered in December of 1992 and Chemical Bank accepted the deed for the Pavilion Apartments. In addition, the plaintiff served two demands for payment on defendants Twin Rivers, ANB and RGI, the first in September of 1993 and the second in October of 1994. When these demands were not satisfied, plaintiff commenced this action in 1995.

The language of the Guarantees before me clearly indicates that they are guarantees of collection. Moreover, the language unambiguously indicates that the City can pursue its claim against the defendants on the basis that the property securing the notes, the Pavilion Apartments, was used to satisfy the Priority Mortgage held by Chemical Bank. Lastly, I find that the City has exercised the requisite due diligence in its attempts to collect from the defendant obligor and that this action naming both the obligor and the guarantors as defendants is not premature. Thus, based on the language of the guarantees, I find that the plaintiff can prove a set of facts entitling it to relief and for that reason, defendants 12(b)(6) motion is DENIED.

### III. Conclusion

For the foregoing reasons, defendants' motion to dismiss is DENIED. This case is scheduled to be tried before me in May of this year and the parties joint pre-trial order is to be filed, in conformance with my rules, by April 26, 1996.

SO ORDERED.