**NEW YORK CITY DEPARTMENT OF FINANCE, and The City of New York, Plaintiffs,**

v.

**TWIN RIVERS, INC., American National Bank and Trust Company of Chicago, as Trustee, Realty Growth Investors and American Invsco Corp., Defendants.**

No. 95 Civ. 1389 (HB).

United States District Court, S.D. New York.

June 20, 1996.

Paul A. Crotty, Corporation Counsel of the City of New York (Robin Green and James B. Henly, of counsel), New York City, for plaintiffs.

L. Donald Prutzman, Stecher, Jaglom & Prutzman, New York City, for defendants.

*Order and Opinion*

BAER, District Judge.

Plaintiffs filed this cause of action to recover unincorporated business taxes owed for the years 1981 and 1984 from defendants. Pursuant to Fed.R.Civ.P. 12(b)(6), defendants Realty Growth Investors ("RGI") and American Invsco Corporation ("AIC") moved to dismiss plaintiffs' complaint for failure to state a claim. RGI and AIC are Guarantors of a Note signed by Twin Rivers and American National Bank and Trust Company ("ANB") which promises payment to the City of monies owed.

In an Order and Opinion dated March 11, 1996, I found that the City had satisfied the two conditions precedent to commence this action against defendants RGI and AIC and, accordingly, denied defendants' motion to dismiss. Defendants now move pursuant to Local Civil Rule 3(j) for reargument of my March 11, 1996 decision. Reargument is granted. For the reasons stated, defendants' motion for relief of the Court's prior decision is granted in part and denied in part.

### Background

Familiarity with the facts of this case is presumed. For a full account, *see New York City Dept. of Finance v. Twin Rivers, Inc., et al.,* 920 F.Supp. 50 (S.D.N.Y.1996).

### Discussion

■ Defendants move pursuant to Local Civil Rule 3(j) for reargument of their motion to dismiss. Rule 3(j) states in relevant part:

A notice of motion for reargument shall be served within ten (10) days after the docketing of the court's determination of the original motion and ... shall be served with ... a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked. No oral argument shall be heard unless the court grants the motion and specifically directs that the matter shall be reargued orally ... .

Local Civil Rule 3(j). It follows that to satisfy this rule, the moving party must set forth a matter or controlling decision which the court overlooked in its initial review of the motion. *See, e.g., Farkas v. Ellis,* 783 F.Supp. 830, 832 (S.D.N.Y.), *aff'd,* 979 F.2d 845 (2d Cir.1992) (strict standard to grant reargument to avoid reconsideration of issues already considered); *Mancuso v. Consolidated Edison Co. of New York, Inc.,* 905 F.Supp. 1251, 1255 (S.D.N.Y.1995) ("moving party must demonstrate ... court overlooked controlling decisions or factual matters") (*citing Violette v. Armonk Assocs.,* 823 F.Supp. 224, 226 (S.D.N.Y.1993)). If the Court finds that the motion for reargument is warranted, the Court may either direct the parties to reargue their motion orally or rely on the submissions as made.

Defendants argue that the Court overlooked two dispositive factors when it denied defendants' previous motion to dismiss. First, defendants argue that the Court should have dismissed the complaint as against AIC on the basis that the provision of the RGI Guarantee on which the Court relied appears only in the RGI Guarantee and therefore, cannot excuse exhaustion as to AIC. Second, defendants contend that the Court should have dismissed both RGI and AIC because the provision of the Guarantees on which the Court relied to excuse plaintiffs' failure to exercise due diligence excuses only delay in exercising rights under the guarantee, not delay in exercising rights under the note, the relevant delay here.

#### a. The complaint should be dismissed as against AIC.

■ In its March Order and Opinion, the Court noted that the City satisfied the terms of the Guarantees of Collection when the December 29, 1992 Judgment of Consent Foreclosure was entered against defendants in Chicago, Illinois. *Twin Rivers,* 920 F.Supp. at 53. The Court further noted that "because the provision is not contained in the AIC guaranty, the plaintiff can invoke the use of this provision only against RGI and not against AIC." *Id.* at 54. Defendant argues that the Court's conclusion does not excuse plaintiffs from exhausting its remedies to collect under the Note before proceeding against defendant AIC.

Defendant further relies on the language contained in the AIC Guarantee which states:

Guarantor hereby guarantees the collection of the Liabilities of Obligor upon the condition that, in the event Obligor defaults in the payment of any of the Liabilities of Obligor, the Obligee shall first have exhausted all of its remedies against Obligor to recover from the Obligor and Realty Growth Investors pursuant to a certain Guarantee of Collection of even date herewith (the "RGI Guarantee") so much of the Liabilities of Obligor as can be thereby obtained, before requiring payment of any part thereof from the Guarantor.

Accordingly, defendants argue that the Court should have dismissed AIC in the first decision as the City must first pursue the Obligor of the Note and RGI before it can enforce the Guarantee against AIC.

To justify reargument, defendant must present a matter or controlling decision to the Court which was previously overlooked. Upon review of the March 11, 1996 Order and Opinion, the Court overlooked this distinction between the RGI Guaranty and the AIC Guaranty. As noted above, the AIC Guaranty contains a double exhaustion

clause; it requires the Obligee to proceed against the Obligor and RGI before it can maintain an action against defendant AIC. In contrast, the language of the RGI Guaranty only requires the Obligee to satisfy two conditions precedent before it commences an action against RGI. Pursuant to the rule that guarantees are *strictissimi juris, Barns v. Barrow,* 61 N.Y. 39, 42 (1874), plaintiff is required to perform an additional step before it proceeds against AIC, a step which has not yet occurred. Accordingly, the complaint as against defendant AIC must be dismissed.

The Court notes, however, that dismissing AIC from the complaint is equivalent to exalting form over substance. Each of the Notes and Guarantees were signed by the same person, Robert Lester, in either his capacity as President or other Officer of both corporations and both corporations reside at the same location. Dismissing AIC at this juncture may result in plaintiffs having to prove their case twice; plaintiffs would proceed against RGI, be successful, find the admittedly "dry hole" and then be required to file anew an identical complaint against AIC. In short, this dismissal will likely result in needless duplicative litigation and be wasteful of judicial time. Nonetheless, it seems incumbent upon me to dismiss the complaint as against AIC.

**b. Plaintiffs satisfied the due diligence requirement.**

■ Defendants contend that the Court overlooked the language contained in the Notes and Guarantees when it concluded that the City was not required to exercise due diligence to collect under the Note before suing on the Guarantees. The Court stated in its March 11, 1996 Order and Opinion that "the City has exercised the requisite due diligence in its attempts to collect from the defendant obligor and that this action naming both the obligor and the guarantors as defendants is not premature." *Twin Rivers,* 920 F.Supp. at 54. Defendants do not present any new matter or controlling decisions which would require this Court to entertain reargument on this issue. Rather, defendants merely reassert the arguments made

previously in their motion papers. For this reason, defendants Rule 3(j) motion fails on this basis.

### Conclusion

Defendants' motion for reargument pursuant to Local Civil Rule 3(j) is GRANTED in part and DENIED in part. The complaint as against defendant AIC is dismissed.

SO ORDERED.