*663 Ordered that the appeals by the defendants Northeast Land and Development Corporation, Pav-Co Asphalt, Inc., and William Fehr from the money judgment entered May 16, 2011, are dismissed, without costs or disbursements, as abandoned and, in addition, because those defendants are not aggrieved thereby (see CPLR 5511); and it is further,
Ordered that the appeal by the defendant William Fehr from the money judgment entered January 5, 2012, is dismissed, without costs or disbursements, except insofar as it brings up for review the portion of the order dated March 9, 2011, denying his cross motion, made together with the defendant Pav-Co Asphalt, Inc., inter alia, pursuant to CPLR 5015 (a) (2) to vacate the amended money judgment dated October 20, 2009, and pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, as the defendant William Fehr is not otherwise aggrieved by the money judgment entered January 5, 2012 (see CPLR 5511); and it is further,
Ordered that the money judgment entered May 16, 2011, is affirmed insofar as appealed from by the defendant Fidelity and Deposit Company of Maryland, without costs or disbursements; and it is further,
Ordered that the money judgment entered January 5, 2012, is reversed insofar as appealed from by the defendants Northeast Land Development Corporation and Pav-Co Asphalt, Inc., and insofar as reviewed on the appeal by the defendant William Fehr, on the law, without costs or disbursements, those branches of the plaintiffs’ motion which were for summary judgment on the cause of action against the defendants Northeast Land Development Corporation and Pav-Co Asphalt, Inc., jointly and severally, to recover damages for the conversion of 373,008 cubic yards of fill material and for reimbursement of the costs of hauling 56,490 cubic yards of purported replacement fill material is denied, that branch of the motion of the defendants Pav-Co Asphalt, Inc., and William Fehr which was pursuant to CPLR 3211 (a) to dismiss the claim to recover damages for the reimbursement of the costs of hauling 56,490 cubic yards of purported replacement fill material insofar as asserted against them is granted, the order is modified accordingly, and the claim to recover damages for the reimbursement of the costs of hauling 56,490 cubic yards of purported replacement fill material is dismissed insofar as asserted against the defendants Pav-Co Asphalt, Inc., and William Fehr.
*664 The appeals from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the money judgments in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]) and, in addition, the defendant William Fehr is not aggrieved by those portions of the order granting those branches of the plaintiffs’ motion which were for summary judgment on the cause of action to recover damages for conversion and reimbursement costs of hauling insofar as asserted against the defendants Northeast Land Development Corporation and Pav-Co Asphalt, Inc. (see CPLR 5511). All of the issues raised on the appeals from the order by the defendants Northeast Land Development Corporation and Pav-Co Asphalt, Inc., and the issue raised on the appeal from the order by the defendant William Fehr in connection with his cross motion, made together with the defendant Pav-Co Asphalt, Inc., are brought up for review and have been considered on the appeals from the money judgment entered January 5, 2012, and the issues raised on the appeal from the order by the defendant Fidelity and Deposit Company of Maryland are brought up for review and have been considered on the appeal from the money judgment entered May 16, 2011 (see CPLR 5501 [a] [1]).
The underlying facts of this matter are detailed in our opinion rendered in a prior appeal (see Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp., 64 AD3d 85 [2009]). The plaintiffs Hamlet at Willow Creek Development Co., LLC, and Mt. Sinai Associates, LLC, are the owners and developers of the Hamlet at Willow Creek Development, a 186-acre residential development and golf course project in the Town of Brookhaven. The defendant Northeast Land Development Corporation (hereinafter Northeast) was hired to excavate the subject property and, pursuant to a written agreement, was required to remove no more than 1.65 million cubic yards of fill material. The defendant Pav-Co Asphalt, Inc. (hereinafter Pav-Co), was hired by Northeast as its excavation subcontractor. The defendant Fidelity and Deposit Company of Maryland (hereinafter Fidelity) issued a performance bond guaranteeing performance of the excavation work in accordance with the approved site plan, naming Northeast and Pav-Co as principals under the bond, and the Town as obligee. In our prior opinion, we held that Northeast and Pav-Co were liable to the plaintiffs for the amount of fill material, if any, that they over-excavated from the subject property (id. at 112-116). Following further discovery on this issue for the purpose of calculating damages only, the plaintiffs moved, inter alia, for summary judgment on the claim against Northeast and Pav-Co, jointly and severally, to recover damages for the conversion of 373,008 cubic yards of fill mate *665 rial, claiming that the project was over-excavated by that amount. The Supreme Court, among other things, granted that branch of the plaintiffs’ motion.
Contrary to the Supreme Court’s determination, the plaintiffs failed to meet their prima facie burden of demonstrating that the project was over-excavated by 373,008 cubic yards of fill material. Under the circumstances of this case, the plaintiffs, as the proponents of summary judgment, bore the burden of demonstrating, in the first instance, that the project was over-excavated by 373,008 cubic yards of fill material by tendering evidence of the topography of subject property in 2002, when the subject excavation work was both commenced and completed by Northeast and Pav-Co (see Zuckerman v City of New York, 49 NY2d 557 [1980]). However, the plaintiffs failed to meet this burden. Accordingly, the Supreme Court should have denied that branch of the plaintiffs’ motion which was for summary judgment on the claim to recover damages for the conversion of 373,008 cubic yards of fill material insofar as asserted against Northeast and Pav-Co.
That branch of the plaintiffs’ motion which was for summary judgment against Northeast and Pav-Co, jointly and severally, on the claim for reimbursement of the costs of hauling 56,490 cubic yards of purported replacement fill that was brought to the subject property following the subject excavation work (hereinafter the replacement-fill claim), should have been denied as well, since the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law in connection with that claim. As to Pav-Co and its officer, the defendant William Fehr, even with the most liberal interpretation (cf. 115 Austin Ave, LLC v City of Yonkers, 37 AD3d 684 [2007]), the complaint fails to allege facts against Pav-Co and Fehr sufficient to place them on notice that the plaintiffs were asserting the replacement-fill claim against them. Accordingly, the Supreme Court also should have granted that branch of Pav-Co and Fehr’s cross motion which was pursuant to CPLR 3211 (a) to dismiss that claim insofar as asserted against them. As to Northeast, although the first cause of action placed that defendant on notice that the plaintiffs were asserting the replacement-fill claim against it, the plaintiffs failed to show, prima facie, that the acquisition, and concomitant hauling, of replacement fill material were necessitated by any conduct of Northeast in connection with the subject property (see Zuckerman v City of New York, 49 NY2d at 557).
Contrary to the contentions of Northeast, Pav-Co, and Fidelity, the Supreme Court correctly denied those branches of their *666 respective cross motions which were, inter alia, pursuant to 5015 (a) (2) to vacate an amended money judgment dated October 20, 2009 (see Sieger v Sieger, 51 AD3d 1004, 1006 [2008]).
Contrary to Fidelity’s contention, the Supreme Court correctly granted that branch of the plaintiffs’ motion which was for summary judgment converting a certain award in favor of the plaintiffs, as set forth in the amended money judgment dated October 20, 2009, in connection with the fifth cause of action against Fidelity and referable to the payment of certain municipal Environmental Fund fees, from a conditional award to an unconditional award, thus requiring immediate payment on the subject bond. The language of the subject bond bound Fidelity, as a guarantor of payment, to make payment immediately upon the default of Northeast and Pav-Co in connection with the payment of the Environmental Fund fees. Therefore, contrary to Fidelity’s contention, the plaintiffs were not obligated to exercise diligent efforts to obtain payment from Northeast and Pav-Co, as the bond’s principals, before the plaintiffs could seek payment from Fidelity (see Mullan v Randall, 100 AD2d 737 [1984]; Federal Deposit Ins. Corp. v Schwartz, 78 AD2d 867, 868 [1980], affd 55 NY2d 702 [1981]).
In light of the foregoing, we need not reach the remaining contentions of Northeast and Pav-Co.
Fidelity’s remaining contention is without merit. Angiolillo, J.P, Dickerson, Belen and Chambers, JJ., concur.
Motion by the respondents on appeals from an order of the Supreme Court, Nassau County, entered March 9, 2011, a money judgment of the same court entered May 16, 2011, and a money judgment of the same court entered January 5, 2012, inter alia, to strike stated portions of the reply brief of the appellant Northeast Land Development Corporation. By decision and order on motion of this Court dated June 6, 2012, the branch of the motion which is to strike stated portions of the reply brief of the appellant Northeast Land Development Corporation was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
Ordered that the branch of the motion which is to strike stated portions of the reply brief of the appellant Northeast *667 Land Development Corporation is denied. Angiolillo, J.P., Dickerson, Belen and Chambers, JJ., concur.