■ CARGILL SOLUCIONES EMPRESARIALES, S.A. DE C.V., SOFOM, ENR, Respondent, v DESARROLLADORA FARALLON S. DE R.L. DE C.V. et al., Appellants. [46 NYS3d 12]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered February 3, 2016, which, insofar as appealed from as limited by the briefs, denied defendants' motion to dismiss the causes of action as against Diaz Rivera and Desarrolladora Farallon S. de R.L. de C.V. (Farallon) for breach of the guaranty and for indemnification and legal fees as against Farallon, unanimously affirmed, with costs.

In 2001, the Diaz Rivera family founded Farallon to manage property it owned in Cabo San Lucas, Mexico. In 2006, Farallon and Cargill Financial Services International, Inc. (Cargill Financial) entered into a business venture to develop the property. In May 2006, Farallon and Mexvalo, S. de R.L. de C.V. (Mexvalo), a company formed by Cargill Financial to manage its interests in the property, together with Farallon/HVi

Development, LLC (FHD), entered into a "Trust Governance Agreement" (TGA) that created a Mexican land trust for the purpose of developing, owning, and operating a luxury resort on the property, with Farallon contributing land valued at $18.5 million and Mexvalo contributing $15 million in cash.

To finance the construction, the trust obtained a $65 million construction loan from WestLB AG, New York Branch (WestLB) under a loan agreement dated February 9, 2007 (Construction Loan Agreement). As relevant here, the Construction Loan Agreement incorporated a Non-Recourse Carve Out Guaranty, which committed the three members of the trust's governing committee, Farallon, Mexvalo, and FHD, as "Guarantors" of the Loan.

Pursuant to the guaranty, the guarantors each jointly, severally, absolutely, unconditionally, and irrevocably guaranteed the payment and repayment of all amounts due under the Construction Loan Agreement and agreed to indemnify and hold harmless the lender for all costs and expenses arising by reason of default by any guarantor, and for enforcement of the rights, remedies and/or options of the lender, upon the occurrence of certain "Recourse Obligations." The Recourse Obligations include a failure by the borrower to (1) deliver any earnings, revenues, rents, or other income from the premises; (2) the occurrence of any fraud, tortious conduct, or material misrepresentation; and (3) any failure by the borrower to procure or maintain unencumbered marketable title.

In addition, the project documents, as defined in the Construction Loan Agreement, stated that certain concessions relating to access to a portion of the beach and to a well, desalinization plant and discharge facility were to be transferred to the trust from Farallon.

With an additional loan of $73 million from Cargill Financial, the resort opened in July 2009. On or about September 30, 2010, the trust failed to make interest payments due under the Construction Loan Agreement, which constituted an "Event of Default." In 2012, WestLB/Portigon brought a foreclosure action in Mexico against Farallon and Mexvalo for repayment of the amount due on the loan, and it ultimately obtained a judgment of $52 million.

Pursuant to a "Loan Purchase and Sale Agreement" dated February 13, 2014, plaintiff Cargill Soluciones Empresariales, S.A. de C.V., SOFOM, ENR (Cargill SOFOM), a subsidiary of Cargill Financial, acquired, for $54 million, all of the rights and interests as lender under the Construction Loan Agreement, including the rights to the note and the rights to collect on it under the Mexican action.

Cargill SOFOM filed an action asserting a cause of action for breach of the Construction Loan Agreement, a second cause of action, for breach of the guaranty's Recourse Obligations, a third cause of action, for conversion, alleging that for a period of 18 months, Farallon and Diaz Rivera converted Cargill SOFOM's superior possessory interests for their own interest, and a fourth cause of action, for an accounting of the resort's operations. Cargill SOFOM alleged that Farallon and Diaz Rivera had denied Cargill SOFOM a review of certain books and records, and among other things, that Farallon and Diaz Rivera diverted millions of dollars in resort revenues to accounts beyond the lender's control, incurred unnecessary taxes, and failed to transfer the beach and well concessions. Cargill SOFOM also alleged that Diaz Rivera, exercised "complete dominion and control" and "complete business discretion" over "all aspects of [Farallon's] management and operations," and that Farallon and Diaz Rivera failed "to follow normal and customary corporate procedures with regard to [Farallon]," in that Farallon "fail[ed] to hold required meetings for [Farallon] partners, [and] fail[ed] to prepare and keep corporate records." Finally, Cargill SOFOM alleged that Diaz Rivera, with an improper motive, commingled his funds with Farallon funds, resulting in inadequate capitalization.

The motion court issued an order dismissing Cargill SOFOM's first and fourth causes of action, for breach of the Construction Loan Agreement and for an accounting of the resort's operations, and ruled that the second and third causes of action would continue. Cargill SOFOM does not appeal from the dismissal of the first and fourth causes of action. Farallon has abandoned its appeal from the motion court's failure to dismiss the conversion claim.

We find that the allegations of an absence of corporate formalities, inadequate capitalization, and the commingling of corporate and personal funds, as well as the allegations that Diaz Rivera directed Farallon to take various actions that harmed Cargill SOFOM, including failing to transfer property rights, siphoning resort revenues, and incurring unnecessary taxes, are sufficient to withstand this pre-answer motion to dismiss the complaint, based on alter ego liability, as against Diaz Rivera.

Further, since the guaranty expressly provides that the guarantor will be liable for any expenses, including legal fees, incurred in its enforcement, Cargill SOFOM may seek a judgment as to liability without presenting defendants with an invoice detailing those costs (*Citizens & S. Commercial Corp. v*

*Catapano*, 164 AD2d 812, 814-815 [1st Dept 1990]). We reject defendant's argument that the motion court should have limited Cargill SOFOM's potential enforcement fees to the fees incurred in this action, since the complaint seeks such fees only in connection with the breach of the guaranty alleged therein. The motion court can determine the scope of the indemnification provision at such time as Cargill SOFOM takes affirmative steps to recover its enforcement fees in related actions. Concur—Renwick, J.P., Saxe, Gische and Webber, JJ.